W. R. CURTIS v. G. W. FORD ET AL.

No. 2631.

1. **Garnishment, form of Writ.**—The failure in a writ of garnishment to set out the amount of the debt claimed by the plaintiff of the defendant does not invalidate the writ by reason of such omission.

2. **Garnishment will not Reach Funds in Custody of the Law.**—Funds in custody of the law, that is to say in the hands of an officer entrusted with their keeping, are not subject to garnishment.

3. **Same—Money Deposited with District Clerk.**—A district clerk with whom money made by the sale of sequestered property is deposited holds the money in his official capacity only, and the fund can not be reached by garnishment.

4. **Same—Fund Owned by Nonresident.**—Nor would the fact that the money deposited with the district clerk by the sheriff upon sale of sequestered property was owned by a nonresident subject the fund to the writ of garnishment against the said officer in a suit against such nonresident.

5. **Attorney Fees to Garnishee.**—An attorney fee of $250 for answering allowed the garnishee approved.

6. **Fundamental Error.**—For want of jurisdiction over the fund in hands of the district clerk as such officer the judgment below in favor of intervenor claiming by assignment from the apparent owner of the fund is fundamental error and cause for reversal.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

The statement is adopted from brief of appellant.

W. R. Curtis, appellant herein, on the 15th day of July, 1885, instituted suit in the District Court of Clay County against one R. P. Wells,

a resident of Missouri, to recover the sum of $3135, which appellant claimed was due him by said Wells on a certain note for $13,226, which appellant and said Wells had signed together as sureties for one B. Z. Bowers. Appellant in his petition against said Wells alleged that he had been compelled to pay on said note to the legal holder thereof the sum of $6270, which amount the said Bowers had failed to pay; that said note had been assigned to appellant, and he brought said suit thereon against said Wells to recover one-half of the amount so paid by appellant on said note. While this suit was pending and undetermined appellant filed therein on the 26th day of May, 1887, his application and bond for writs of garnishment against G. W. Ford and the Henrietta National Bank, and on the same day he caused a writ of garnishment to be issued and served on the garnishee G. W. Ford, and this proceeding was styled and docketed separately from the main cause.

On the 16th day of March, 1888, appellant amended his petition in the main cause, and alleged in addition to the facts set up in the original petition that in paying off the note sued on to the legal holders thereof he had paid thereon the sum of $10,379.24, and by said amendment he sought to recover of said Wells one-half of this amount, or $5189.62, instead of the amount first sued for. On this amended petition judgment was rendered on the 12th day of April, 1888, in favor of appellant and against R. P. Wells for $4028. This judgment was final, and was never appealed from or in any way satisfied.

In the meantime the garnishee G. W. Ford had on the 4th day of October, 1887, answered the writ of garnishment served on him, and had denied all indebtedness to R. P. Wells, and denied ever having had any effects belonging to said Wells in his possession.

After making this denial he answered specially, and set out that about the 4th day of August, 1884, the sheriff of Clay County placed in his (G. W. Ford's) hands as clerk of the District Court of Clay County the sum of $6750, which amount was the proceeds of the sale of certain property sold by said sheriff under an order of the District Court of said county made in the case of R. P. Wells v. E. Dawson et al., then pending in said District Court; that Ford was then and is yet the clerk of said court, and that he received such fund in his capacity as such clerk, to be held by him to await the further order and judgment of the court in said cause; that about the 24th day of August, 1884, he deposited said fund in the Henrietta National Bank for safe keeping, etc.; that about the 13th of November, 1884, said fund was drawn out of said bank and placed in the hands of W. B. Worsham, who returned it to the bank about January, 1886, where it yet remains, etc.; that said cause of Wells v. Dawson et al. was removed to the United States Court and there tried on May 27, 1887, after service of the writ of garnishment in this case, which was on May 26, and resulted in a judgment for Wells, who was adjudged to be entitled

to recover the property of which said fund was the proceeds; that said fund was in the custody of the law and was not subject to garnishment, etc.

This answer was duly controverted by appellant, who, on the 13th day of April, 1888, filed his amended affidavit controverting said answer, wherein he alleged, among other things, that the fund in appellee's possession was not in the custody of the law, but that the same had been removed from such custody, and was on the 26th day of May, 1887, and had been ever since held by G. W. Ford in his individual capacity for said Wells, and that the said fund was subject to plaintiff's garnishment. Appellant by his said plea also set up the rendition of the judgment in his favor against said Wells, the latter's insolvency, and his nonresidence in the State, and sought to reach said fund through an appeal to the equity powers of the court in case it should be decided that the same was in the custody of the law and not subject to garnishment. This controverting affidavit was very full in its allegations.

On the 13th day of April, 1888, appellee Worsham was permitted to intervene in the case, and on the 2d day of April, 1889, he filed his amended plea of intervention, wherein he claimed the fund in controversy as his property. This claim was based upon two grounds; first, that the fund had never been the property of Wells, but that the said Wells was only a trustee thereof for said intervenor; second, that said Wells had on the 30th day of May, 1887, assigned said fund to intervenor for a valuable consideration, and that said G. W. Ford was notified of and accepted said assignment on the 4th day of June, 1887. Intervenor also urged that the fund was in the custody of the law and that the writ was fatally defective, etc.

To this plea appellant answered (1) by general denial; (2) that the assignment of said fund to intervenor by Wells was fraudulent and without consideration; (3) that all indebtedness existing between Wells and Worsham had been paid by the former long before said assignment of said fund, and that at that time Wells owed Worsham nothing, and that said intervenor acquired no rights to said fund as against this appellant.

A jury was demanded and the case was tried on the 2nd day of April, 1889. No motion was made to quash or set aside the writ of garnishment, but when appellant offered the same in evidence on the trial the appellees objected to its introduction because it failed to recite the amount of the indebtedness claimed by appellant of the said R. P. Wells. This objection was sustained and the evidence was excluded. Appellant then introduced his other evidence, and before closing again offered in evidence said writ, with the endorsements thereon, together with the affidavit and bond given therefor. This testimony was again objected to for the same reasons as before, whereupon appellant asked leave to amend said writ by inserting therein the amount of the indebtedness claimed by him of said Wells as

set out in the affidavit for said writ. This was refused by the court and the evidence was again excluded, and appellant duly excepted.

After the evidence was closed the court instructed the jury as follows, viz.: "You are instructed that as between plaintiff W. R. Curtis and G. W. Ford, garnishee, you will find for the garnishee, and as between intervenor and the garnishee you will find for the intervenor."

The verdict and judgment were in accordance with this instruction. By this judgment the garnishee was allowed $250 for answering the writ of garnishment herein, which item was taxed against appellant as a part of the costs. Appellant within two days filed his motion for a new trial. He also filed a motion to retax the costs in the case. Both these motions were overruled by the court, and appellant gave notice of appeal. The regular clerk being disqualified, G. T. Dulaney was appointed as special clerk in this case and duly qualified as such.

The opinion states the additional facts necessary.

*Hazelwood & Templeton,* for appellant.— 1. The writ of garnishment issued and served in this cause contained all of the essential requisites prescribed by the Revised Statutes in such cases, and the court erred in holding that said writ was void, and that it would not support a judgment in favor of appellant, and in sustaining appellees' objections thereto. Rev. Stats., arts. 186, 189, 191, 205; Sayles' Prac., sec. 386.

As to proper construction of statutes. Rev. Stats., Final Title, sec. 3; Lewis v. Stewart, 62 Texas, 293; Belcher v. Weaver, 46 Texas, 293.

2. The failure to state in the writ of garnishment the amount of the indebtedness claimed by appellant of the defendant Wells was not such a defect as would render said writ void, but at most it was only an irregularity in the process which could only be reached by motion to quash before an answer was filed, and appellant should have been permitted to amend so as to cure the defect. Howard v. Crawford, 21 Texas, 399; Wade on Garnish., secs. 357, 358; Curry v. Woodward, 50 Ala., 58; Faull v. Alaska, 8 Sawy., 428; 14 Fed. Rep., 657.

On right to amend. Brack v. McMahan, 61 Texas, 1; Whittenberg v. Lloyd, 49 Texas, 633; Martin Brown Co. v. Milburn, 2 Ct. App. C. C., sec. 215.

3. The fund held by the defendant G. W. Ford for R. P. Wells was not when the writ of garnishment was served on said Ford and has not been at any time since that date in the custody of the law, but the same had long prior to the service of said writ been removed from such custody, and said Ford had become simply a bailee of said fund for said Wells; and the same was subject to appellant's writ of garnishment, and it was error for the court to instruct the jury to find against appellant and in favor of the garnishee. Mann v. Kelsey, 71 Texas, 609; Hamilton v. Ward, 4 Texas, 356–369; Pace v. Smith, 55 Texas, 559 (dissenting opinion);

Walton v. Compton, 28 Texas, 569; Trotter v. Zinc and Iron Co., 3 Atl. Rep., 95; Connor v. Ruckman, 33 N. J. Eq., 303; Gaither v. Ballew, 69 Am. Dec., 763; Harrington v. La Roque, 10 Pac. Rep., 498; Dunlap v. Ins. Co., 74 N. Y., 145; Wehle v. Connor, 83 N. Y., 231; Feade v. Lewis, 13 Mo., 467; Dolby v. Mullins, 3 Humph., 437; 1 Freem. on Ex., sec. 131; Waples on Att., 224; Drake on Att., sec. 509a; Wade on Garnish., sec. 424, and authorities; Rev. Stats., art. 191; Gause v. Cone, 11 S. W. Rep., 162; McPherson v. Snowden, 16 Md., 197; Groome v. Lewis, 23 Md., 137.

4. If the fund held by G. W. Ford was in the custody of the law and was for this reason not subject to appellant's writ of garnishment, then it was the duty of the court under the pleadings and evidence in this case to have so instructed the jury, and to have directed said G. W. Ford to pay off and satisfy out of said fund so held by him said judgment so rendered against said Wells, including principal, interest, and all costs of said suit, together with the costs of the case at bar. Railway v. McDonald, 53 Texas, 510; Railway v. Butler, 56 Texas, 506; Railway v. Hume, 59 Texas, 47; Word v. McKenzie, 33 Texas, 297; Weaver v. Cressman, 33 N. W. Rep,, 478; Mann v. Appel, 31 Fed. Rep., 378; Enright v. Grant, 15 Pac. Rep., 268; Regg v. Burnham, 20 N. W. Rep., 708, 715; Beam v. Bennett, 16 N. W. Rep., 316; Street v. Harris, 9 Pac. Rep., 402; Pendleton v. Perkins, 49 Mo., 565; Lewis v. Sheinwuld, 7 Sawy., 403–418; Case v. Beauregard, 101 U. S., 688, 689; 2 Freem. on Ex., sec. 429; Wait on Fraud. Con., secs. 83, 84.

The filing by appellant of his amended plea constituted a lien on the fund in controversy. Miller v. Sherry, 2 Wall., 237–251; Corning v. White, 2 Paige, 567; Tilford v. Burnham, 7 Dana, 109; Beck v. Burdett, 1 Paige, 308; 2 Freem. on Ex., sec. 434, and authorities; Wait on Fraud. Con., secs. 61, 68, 83.

*Robertson & Coke*, for intervenor.— 1. The court did not err in excluding the writ of garnishment when offered in evidence by appellant nor in refusing to permit appellant to amend the same. Rev. Stats., arts. 185 (subdiv. 2), 186, 188; Wade on Att., secs. 121, 323; Drake on Att., sec. 453; Waples on Att., 136, 190, *et seq.*, 514, 515; Hoffman v. Simon, 52 Miss., 302.

2. The court did not err in instructing the jury to find as between garnishee and the plaintiff for the garnishee, and as between intervenor and the garnishee for intervenor, and in entering judgment accordingly. Pace v. Smith, 57 Texas, 555; Wade on Att., secs. 266, 420; Drake on Att., secs. 509, 514; Clark v. Railway, 11 Fed. Rep., 355.

3. Garnishment is a statutory proceeding and will not be aided by equity, and plaintiff can not in a pleading controverting the answer of

the garnishee obtain the same relief that he might by an original creditor's bill. Wade on Att., sec. 334.

*A. K. Swan,* for appellee Ford.— 1. The writ of garnishment being a jurisdictional writ, serving the double purpose of a citation to the garnishee giving the court jurisdiction over his person, and giving the court jurisdiction over the property or effects in the hands of the garnishee, it must in order to accomplish these purposes be sufficient on its face to show jurisdiction in the court over the subject matter of the main suit and advise the garnishee of the amount he is required to answer. Ins. Co. v. Friedman, 74 Texas, 56.

2. The writ being insufficient to give the court jurisdiction either of the person of the garnishee or over the subject matter, the garnishee can not by any act of his confer jurisdiction over himself or the subject matter involved.

GAINES, ASSOCIATE JUSTICE.—This is an appeal from a judgment in a garnishment proceeding. The writ of garnishment was sued out in the same case and at the same time as that in the case of this same appellant against the Henrietta National Bank, *ante* —, this day decided. The writs are alike, but this appeal presents some questions in addition to those presented by the other. In the present case there was an intervention, a contest, and a trial by jury.

Upon the trial the plaintiff offered in evidence his writ of garnishment, which upon objection was excluded by the court. The ground of objection was that the writ did not show the amount of the debt claimed by the plaintiff of the defendant.

We have this day held in Curtis v. Bank, *supra,* that the omission did not invalidate the writ. But we see no propriety in introducing in evidence the process or pleadings in a case, and hence can not hold that the court committed error in its ruling. The writ was not evidence tending to establish the affirmative or the negative of any issue made in the case. Nor did the court err in refusing to allow it to be amended. It needed no amendment in order to give it validity.

The court erred, if at all, in instructing the jury to find for the garnishee as against the plaintiff and in favor of the intervenor as against the garnishee. If either the writ was invalid or if the fund was not subject to garnishment the instruction was not erroneous. In addition to the failure of the writ to show the amount claimed by the plaintiff of the defendant, the appellees also insist that it was bad because it was issued by the clerk against himself as garnishee. We are cited to no authority upon the question and have been able to find none, but our conclusion upon the other point makes it unnecessary to decide it.

The fund which was sought to be subjected to garnishment in this case

came into the hands of the garnishee as clerk of the District Court of Clay County under the following circumstances: Wells, the defendant in the suit in which the present garnishment proceedings were instituted, had brought suit in the District Court of Clay County against E. Dawson et al., and had sequestered a stock of cattle. The cattle were sold by order of court and the proceeds had been paid by the sheriff into the hands of Ford, the present garnishee, as the clerk of the District Court. The cause was removed to the United States Court, but the money remained in the hands of Ford. Upon the determination of the case the United States Court adjudged that the fund belonged to Wells. It was before this adjudication that the writ of garnishment was sued out and served, but the answer of the garnishee was filed afterwards. The pleadings and evidence upon the trial showed these facts. Appellant insists that after the judgment of the United States Court the money became subject to the writ of garnishment. There are authorities which hold that after a case has been determined and the right to a fund in the hands of an officer of the court has been adjudged to be in a party to the suit, the reason which forbids the garnishment of the money no longer exists, and that therefore it is subject to the writ. This court has, however, taken the contrary view, and has in effect held that the fund is not subject so long as it remains in the custody of the law—that is to say, in the hands of the officer who is entrusted with its keeping. Pace v. Smith, 57 Texas, 555. It is urged that there is a difference between the case cited and the one before us; but we think there is no material difference in so far as the question under consideration is concerned. It is a matter of no moment how the money was kept by the clerk. He is liable for it only as custodian of the court. Nor is it important to determine whether it ought to have been transferred to the custody of the Federal court or whether or not the State court has power to make any order in respect thereto. He holds the money in his official capacity and in that capacity only. Upon the authority of the case cited we conclude the funds in the hands of the garnishee were not subject to the writ.

But appellant further insists that since he amended his pleading, showing that Wells was a nonresident, and that the money in controversy was the only fund from which he could obtain satisfaction of his debt, the court should have granted him relief upon equitable grounds. If the writ of garnishment does not apply he has no adequate remedy at law. Whether there be any equitable remedy by which a fund of this character may be reached may be doubted, but we are of opinion that if any such exists it was not proper to apply it in this proceeding. This was a contest between the plaintiff in garnishment, the garnishee, and an intervenor; and we think the plaintiff could not by amendment change the proceeding from a legal to an equitable action without making the defendant Wells a party. We do not wish to be understood as deciding that a garn-

ishment proceeding could be so changed in any case, or even that equity gives a remedy by which a fund of this character may be reached.

There was no error in allowing the garnishee his attorney fees as a part of the expense of making his answer.   Willis v. Heath, 75 Texas, 124; Johnson v. Blanks, 68 Texas, 495.

The effect of our decision is to hold that the court by the process of garnishment acquired no jurisdiction over the money in controversy.   It results from that conclusion that the court had no power to adjudge the fund to the intervenor.   So much of the judgment seems to us to be fundamentally wrong.   It will accordingly be reformed in that particular and affirmed.

*Reformed and affirmed.*

Delivered October 24, 1890.