Jones, McDuffie & Stratton v. Mrs. J. B. Cummins, Garnishee.

Delivered December 24, 1897.

**1. Garnishment Trial—Production of Writ Not Necessary, When.**

Where, in a suit begun in one county, a garnishment proceeding is transferred to another county where the garnishee resides, it is not necessary, in the garnishment trial there, for the plaintiff to produce or offer in evidence the writ of garnishment or copy thereof. Article 248, Revised Statutes 1895, construed.

**2. Same—Judgment One of Dismissal Only, When.**

Where, upon the garnishment trial in a court other than where the original suit was begun, the plaintiff fails to produce all the proceedings required by article 248 of the Revised Statutes to be transferred in such case, the court is without jurisdiction, and the judgment should be one of dismissal, and not one in favor of the garnishee.

**3. Evidence—Assessment List.**

An original assessment list of property rendered for taxes by the owner in person and subscribed by him is, in a proper state of case, admissible in evidence against him as a statement against interest.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. Wood.

*Wolfe & Hare* and *Leslie & McReynolds*, for appellants.—1. There being no issue in the case as to whether or not the defendant garnishee had been served with a writ of garnishment in this case, and she having appeared and answered said writ, setting up the fact that the same had been served on her, and there being no contest between opposing creditors, it was not necessary to produce same or place the same in evidence on the trial of the issue between garnishing creditor and such garnishee. Freeman v. Miller, 51 Texas, 447.

2. The court erred in sustaining the objections of defendant to the original assessment list signed and sworn to by the defendant before the tax assessor of Grayson County, Texas. Greer v. Drug Co., 1 Texas Civ. App., 638; Randidge v. Lyman, 124 Mass., 361; Adams v. Hickox, 55 Iowa, 632.

*Head, Dillard & Muse*, and *Crawford & Crawford*, for appellee.—1. The power of the court to render judgment against one sought to be charged as garnishee does not attach until the proceedings made requisite by the statute to bring the garnishee before the court have been taken. The answer filed by the garnishee, reciting that it is in answer to a writ of garnishment, will not dispense with the necessity of showing a valid writ of garnishment. The requisites of the law are only satisfied when a state of facts is shown which makes it obligatory on one sought to be charged as garnishee to answer. Such obligation does not exist until process has been served upon him in accordance with the requirements of the statute. Ins. Co. v. Friedman, 74 Texas, 56; Blankenship v. Moore, 4 Willson, C. C., sec. 145.

2. The burden of proof being on defendants to show that the answer of the garnishee is not true, they must show affirmatively that the garnishee was indebted to Walker or had in her hands effects belonging to him, which the appellants had a right to appropriate to the payment of their judgment against Walker, before they could recover. They offer the tax lists for the purpose of contradicting Mrs. Cummins, and not for the purpose of proving any fact essential to a recovery. Eliminate the testimony of Mrs. Cummins from the record and there is left absolutely nothing from which a jury could infer that she was at any time indebted to Walker or had in her hands effects belonging to him.

RAINEY, ASSOCIATE JUSTICE.—The appellants, in February, 1891, instituted suit in the District Court of Dallas County, Texas, against W. W. Walker on an action of debt. An attachment was sued out against Walker's property, and a writ of garnishment was sued out against appellee Mrs. J. B. Cummins, who resided in Grayson County, Texas. Mrs. Cummins answered, denying being indebted to Walker or having in her possession any effects belonging to him. This answer was duly controverted by appellants. On February 26, 1892, appellants recovered a judgment for their debt against Walker, and on motion of appellants the garnishment proceedings were transferred to Grayson County. On a trial of the issues in garnishment, judgment was rendered for appellee.

The trial judge ruled that appellants would not be entitled to recover unless they would produce or offer in evidence the writ of garnishment. Appellants failing to produce or offer in evidence the writ of garnishment, the court instructed a verdict for appellee.

Appellants' first assignment of error is based upon this action of the court. The record shows that no copy of the writ of garnishment was among the papers of the case. The garnishee's answer under oath contained a statement that the writ of garnishment was served upon her, and there was a prayer for reasonable attorney's fees for preparing the answer to said writ of garnishment. Copies of the original judgment, application for writ of garnishment, garnishee's answer, and appellants' controverting affidavit were on file in the District Court of Grayson County, and are contained in the record on appeal.

The issue here raised is, whether or not in transferring the proceedings in this character of case, it is necessary to embrace a copy of the writ of garnishment, and if so, is it essential that same be introduced in evidence on the trial.

Article 248, Revised Statutes of 1895, reads as follows: "If the garnishee whose answer is so controverted be a resident of some county other than that in which the proceeding is pending, the plaintiff may file in any court of the county where the garnishee may reside having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of such original judgment and of the proceedings in garnishment, including the plaintiff's application for the writ and the answer of the garnishee and the affidavit controverting the same."

Why the lawmakers used this language, "and the proceeding in garnishment, including plaintiff's application for the writ and the answer of garnishee and the affidavit controverting the same," is not altogether clear. The term "proceedings in garnishment," standing alone, would include the documents enumerated, without their being named; so there must have been some reason why they were especially mentioned. The most reasonable solution to our minds is, that those mentioned were all that would serve any useful purpose, and the legislators deemed it unnecessary, as well as an useless expense, to require the bond and writ of garnishment to be transferred. The transfer of the application for the writ of garnishment was deemed essential to show that the court had jurisdiction of the garnishment proceedings, and the answer of the garnishee and controverting affidavit were necessary pleadings to be before the trial court to try the issues made therein. No good purpose could be subserved by the transfer of the writ of garnishment. The office of the writ is to notify the garnishee that the debt due by him to the defendant, or property of the defendant in his hands, must be held by him subject to the payment of plaintiff's demand, if so determined by the court. 8 Am. and Eng. Encyc. of Law, 1118. And if the garnishee has answered, the writ has served its purpose, and to introduce it in evidence is a useless proceeding. Curtis v. Ford, 78 Texas, 262. We are of the opinion that the rule, "the expression of one thing is the exclusion of another," ap-

plies in construing the article under consideration; that the mention of the application, answer, and controverting affidavit excluded any other document that would ordinarily be included in the term "proceedings in garnishment," and that it was not necessary in transferring the proceedings to Grayson County to include a copy of the writ of garnishment; therefore, the court below erred in holding its production on the trial essential to plaintiff's recovery.

Under no phase of the case can the instructions of the court be justified. The application for the writ of garnishment gave the court jurisdiction of the matter, and appellee having answered the writ of garnishment, was in no position to demand the production of the writ. Could it be held that the production of the writ was essential to plaintiff's recovery, the failure to produce would not justify a judgment for the defendant. In such a case the proceeding should have been dismissed, inasmuch as the transfer of the proceedings required by statute constitute the basis of jurisdiction. Nor was it incumbent upon plaintiffs to introduce the writ in evidence, as before stated.

The court erred in not permitting plaintiffs to introduce in evidence the original assessment lists showing the property rendered by Mrs. J. B. Cummins for the years 1882 to 1890, inclusive. The renditions were made by her in person and sworn to. The statements of parties to the suit, when pertinent, are always admissible against them, and we see no difference between assessment lists, when signed by the parties, and other statements.

It has been held that tax rolls are not admissible as declarations against a party (Greer v. Drug Co., 1 Texas Civil Appeals, 634), and properly so, because such rolls are made by the assessor, or by his directions, are but copies of the original list, and are not binding upon the party. The contents of the assessment lists were material in support of appellants' contention, and should have been admitted in evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*