**BRINSON-KIRTLEY ZINC & LEAD CO. et al. v. KIRTLEY.**

No. 15427—Opinion Filed June 9, 1925.

1. **Mechanics' Lien—Laborer's Lien—Manager of Concern not a Laborer.**

The record of this case discloses that the defendant in error does not come within the class of persons as defined by section 7461, Comp. St. 1921, who are authorized to perfect a mechanic's lien for labor under the provisions of the statute.

2. **Pleading—Amendments—Changing Cause of Action.**

The liberal provisions of the law applying to the amendment of pleadings do not authorize the plaintiff to change his cause for action by amendment, or by a reply filed in the case, from an equitable action to an action at law, where the two causes for action rest upon a separate statement of facts.

3. **Judgment not Sustained.**

Record examined; held, to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by T. P. Kirtley against the Brinson-Kirtley Lead & Zinc Co. et al. to foreclose a mechanic's lien. Judgment for plaintiff. Defendants bring error. Reversed and remanded.

Clyde Morsey, for plaintiffs in error Bank of Quapaw and First National Bank of Skiatook.

F. F. Betzer, for plaintiff in error Brinson-Kirtley Lead & Zinc Co.

Wm. M. Thomas and Frank Nesbitt, for defendant in error.

Opinion by STEPHENSON, C. T. P. Kirtley commenced his action for the foreclosure of a mechanic's lien against the Brinson-Kirtley Lead & Zinc Company. The mechanic's lien was filed against the mining improvements and lease owned by the corporation. The plaintiff joined the Bank of Quapaw and the First National Bank of Skiatook as defendants in the action, alleging that the defendants claimed some interest in the property, the nature of which was unknown to the plaintiff. The substance of the allegations contained in plaintiff's petition is as follows: First, the defendant Brinson-Kirtley Lead & Zinc Company owned a lease covering certain lands situated in Ottawa county, wherein the defendant was granted the right to mine for lead and zinc; second, that the plaintiff was employed by the defendant upon an oral agreement to engage in the construction of a mill plant upon the lease for the defendant, at a salary of $150 per month; that he had earned about the sum of $5,100 which the defendant refused to pay; third, that he had perfected and filed his mechanic's lien against the property within the time provided by statute, and was entitled to a judgment foreclosing the lien against the property; fourth, that the banks above named claimed some interest in the property, the nature of which is unknown to the plaintiff.

The defendant banks were joined in the action in order that they might set forth the nature of their adverse claims in the property.

The banks filed their separate answers in the case which were in substance: First, a general denial of plaintiff's allegations; second, that the plaintiff and officers of the mining company had executed and delivered chattel mortgages on the mining property, to the banks in about the total sum of $13,000, to secure indebtedness owing by the mining company to the banks; third, that the mortgages had been foreclosed and the property purchased by the mortgagees for the sum of $5,000 at the foreclosure sale.

The mining company filed its answer by way of general denial to plaintiff's petition.

The plaintiff filed his reply to these answers, which was in substance: First, an admission of the execution and delivery of the notes and mortgages to the banks and of the foreclosure and sale of the property under foreclosure proceedings to the banks; second, the plaintiff alleged affirmatively that the property was delivered to the bank for foreclosure upon an agreement between the plaintiff and the banks, that the latter would foreclose the property and buy the the same at the sale if it did not bring

more than the indebtedness; that the banks would endeavor to resell the property, and if able to secure a purchase price in excess of the indebtedness, such excess would be paid to the plaintiff to apply upon his claim against the mining company; third, that the bank purchased the property at foreclosure sale pursuant to the agreement, for the sum of $5,000, and resold the property for the sum of $20,000, which was about $3,000 in excess of the bank's claims and expenses against the property; that the banks refused to pay the $3,000 to the plaintiff, as they agreed to and were bound to do under the terms of the agreement between the parties; that the plaintiff permitted the banks in purchase the property at the foreclosure sale for the nominal sum of $5,000 upon the belief that the banks would perform their a--greement in relation thereto.

The trial of the cause resulted in a judgment in favor of the plaintiff and against the banking companies for the $3,000 surplus, which the banks received in the sale of the property. The defendants have appealed the cause and seek reversal for alleged errors occurring in the course of the trial. The errors assigned go to the following questions: First, that the findings of fact in favor of the plaintiff are contrary to law; second, that the judgment of the court in favor of the plaintiff is contrary to law; third, that the findings and judgment in favor of the plaintiff are without the issues tendered by the plaintiff's petition.

The substance of the findings of fact is as follows: First, that the mortgages of the banks were superior to the claim of the plaintiff; second, the court found that the possession of the mortgaged property was delivered to the banks by the plaintiff for the purpose of foreclosure; that the property was delivered by the plaintiff to the banks with the understanding that the banks would become the purchaser thereof at the foreclosure sale, if a sum was not bid in excess of the indebtedness, and that the banks would resell the property; that if the banks were able to resell the property for a greater sum than the indebtedness, that the difference would be paid to the plaintiff; third, that the banking companies became the purchaser of the property at the foreclosure sale, and resold the property for a sum of money which was $3,000 in excess of the indebtedness.

The court entered its judgment upon the findings of fact against the banking companies for the sum of $3,000 in favor of the plaintiff.

The action filed by the plaintiff in the first instance was for the foreclosure of his mechanic's lien against the property for the sum of $5,100. The mechanic's lien claim was based upon a contract between the mining company and the plaintiff for the latter to engage in work upon the mill plant. The banks were joined in the proceedings in order to enable the latter to set up any adverse claims in the subject-matter of the action. The lien claim and statements were filed against the mining company and purported to show that the indebtedness was owing by the mining company to the plaintiff for labor done by the latter on the mill plant.

The pleading which the plaintiff filed and denominated as a reply to the answers of the defendant banks set up a new action, dependent upon facts and circumstances entirely different from those supporting his alleged mechanic's lien. The purported cause of action set forth in the reply amounted to an abandonment of plaintiff's claim for a money judgment against the mining company, and sought a money judgment against the two banks, which was not claimed in the petition. The plaintiff must set forth his cause for action in the petition and not depend upon stating an action in his reply. To permit the plaintiff to pursue this procedure denies the defendants the right to file pleadings in opposition to the plaintiff's recovery, which they are granted the right to file according to the procedure provided by statute. The plaintiff must tender his cause of action in the petition and not in the reply. It is the claim of the defendants that the findings of fact and the judgment of the court are without the issue. This question should be determined from the allegations of the plaintiff's petition, and not from new matter set forth in the reply. It is apparent that the findings of fact made by the court, and judgment thereon, relate to the reply and must be supported by the new matter and new cause of action, if any, set forth in the reply. The rules of law and statutes relating to amendments are liberally construed in favor of the party making the amendment. But we think even the most liberal rules of pleadings would not authorize the plaintiff to make a departure from his cause of action set forth in the petition, to a new cause of action set forth in the reply, rested upon a statement of facts entirely different from that supporting the alleged cause of action set

forth in the petition. Thyssen v. Davenport Ice Co., 134 Ia. 749, 112 N. W. 177, 13 L. R. A. (N. S.) 572; Flanders v. Cobb, 88 Me. 488, 34 Atl. 277, 51 A. S. R. 410; Anderson v. Wetter, 103 Me. 257, 69 Atl. 105, 15 L. R. A. (N. S.) 1003; Curtis v. Ford, 78 Tex. 262, 14 S. W. 614, 10 L. R. A. 529.

Assuming that the plaintiff may state a cause for action against the banks for that sum of money exceeding the indebtedness for which the property was resold, this would only establish plaintiff's right to the money as against the banks. The plaintiff was a stockholder in the company, a member of the board of directors, and the elected secretary and treasurer of the company. It cannot be said from the record that the plaintiff delivered the mortgaged property to the banks as his own property. If the plaintiff undertakes to recover against the banks for the surplus money, it is upon his common law action, as a creditor of the corporation. We do not know whether there are other creditors of the concern, but if so, the record does not show that plaintiff's claim would be superior to other creditors. If plaintiff has a right of action as a creditor, against the banks for the surplus money, he should bring his action for the recovery in order that other creditors, if any, may intervene and set up their rights. The mining company should be made a party defendant in order that the equities and rights of other parties may be brought to the attention of the court.

There was evidence introduced by the defendant in the course of the trial of the cause which disclosed that the board of directors, of which the plaintiff was a member, employed the plaintiff in 1918 as secretary and treasurer of the corporation at a salary of $150 per month. The corporation executed and delivered its power of attorney to the plaintiff in the early part of 1918, whereby the plaintiff was authorized to act for and represent the corporation in making contracts for the construction of the ore mill and to contract credit for the mining company, and pay indebtedness of the corporation in the course of making improvements. The effect of the evidence tends to show that the corporation and its board of directors placed the plaintiff in charge of the corporation's business, as a general manager of its affairs. The new allegations set forth in plaintiff's reply make it appear that the plaintiff intended to abandon his mechanic's lien against the property, but the plaintiff apparently undertook to offer evidence in support of his action for establishing and foreclosing the lien. The plaintiff testified that he engaged in general work about the construction of the mill and did carpenter's work upon the building. We think the employment of the plaintiff as secretary and treasurer of the corporation, and the power of attorney given to him by the corporation, show that it was the intention of the corporation to place him in charge of the business of the mining corporation, as its general manager. The plaintiff testified that the corporation employed him by oral contract at a salary of $150 per month to perform the manual labor he had testified about for the corporation. We think the evidence clearly shows that the plaintiff was in charge of the corporation's business, at a fixed salary of $150 per month, as its general manager. If this be true, then the plaintiff would not fall within the status of a contractor or laborer as defined by section 7461, Comp. St. 1921, and was not entitled to a mechanic's lien upon the property. The plaintiff undertook to introduce evidence apparently in support of his petition and the new matter set forth in his reply. The evidence as offered, apparently in support of the allegations of the petition and the reply, present a confused situation in this appeal. We would say that the plaintiff had abandoned his action for the foreclosure of the mechanic's lien on account of the allegations of his reply, and the evidence offered in support thereof, if he had not offered evidence to support the allegations of his petition for the purpose of establishing the mechanic's lien. Even if the plaintiff did not mean to abandon his action for the establishment of his mechanic's lien, and its foreclosure, then he is not entitled to recover in this action for the reason that he did not come within the terms of section 7461, supra.

It is recommended that the cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 82; anno. 18 L. R. A. 305; 30 L. R. A. (N. S.) 85. 18 R. C. L. p. 912; 3. R. C. L. Supp. p. 875, 5 R. C. L. Supp. p. 1012. (2) 31 Cyc. p. 432 (1926 Anno.); 21 R. C. L. pp. 580, 581; 3 R. C. L. Supp. p. 1172.