## JOHNSON v. ARLINGTON HEIGHTS GARAGE.

### No. 2788.

Court of Civil Appeals of Texas. El Paso.
Jan. 26, 1933.

Rehearing Denied Feb. 16, 1933.

Horace C. Bishop, of Dallas, for plaintiff in error.

F. M. Bransford, of Fort Worth, for defendant in error.

PELPHREY, Chief Justice.

On April 22, 1929, Mrs. Hazel Kelly, doing business under the name of the Arlington Heights Garage, joined pro forma by her husband, recovered a judgment in the county court at law, No. 2, Tarrant county, Tex., against T. O. Bell, for $248.24, with 6 per cent. interest from January 1, 1929. On September 26, 1929, she sued out a writ of garnishment in said court against T. H. Johnson, who she alleged resided in Dallas, Dallas county, Tex. On November 6, 1929, Johnson filed his answer denying that he was either indebted to or had in his possession any effects belonging to T. O. Bell.

On February 5, 1930, Mrs. Kelly filed a controverting affidavit, and on May 29, 1930, the judge of the Tarrant county court at law, No. 2, ordered the cause transferred to the county court of Dallas county at law, No. 1. The court based such action upon the fact that Johnson resided in Dallas county and had so resided when the writ of garnishment was served upon him. The clerk of the Tarrant county court, thereafter, forwarded to the county clerk the original papers in the case. The case was filed in the Dallas county court under the number of 55389-A. The attorney for defendant in error upon learning that the original papers had been sent to the Dallas court by the clerk of the Tarrant county court had the clerk of the Dallas court return them and had the clerk of the Tarrant county court to make certified copies thereof and transmit the same to the clerk of the Dallas court. Upon receipt of such certified copies, the clerk of the Dallas court docketed the suit under No. 57701-A. On May 8, 1931, on motion of defendant in error, No. 55389-A was consolidated with 57701-A, and ordered carried on the docket under No. 55389-A. On September 28, 1931, cause No. 57701-A was dismissed for want of prosecution. January 4, 1932, plaintiff in error filed a plea to the jurisdiction of the Dallas court on the ground that true and correct certified copies of the proceeding in the Tarrant county court had not been filed in the case. The plea was overruled, and upon a trial before the court judgment was rendered against appellant, garnishee, for $248.24, with interest from January 1, 1929, $9.05 costs in the original suit, and all costs in the present suit except those arising from the filing of the original papers.

This appeal is from such judgment.

### Opinion.

Plaintiff in error in his propositions contends that because defendant in error failed to file in the county court of Dallas county at law, No. 1, a duly certified copy of the alleged judgment in the original suit of Arlington Heights Garage v. T. O. Bell, the county court of Dallas county at law, No. 1, was without jurisdiction to try the suit; and that such judgment not having been filed and no competent evidence being introduced as to such judgment, there was no basis upon which judgment could be rendered and no original indebtedness of Bell to Arlington Heights Garage shown upon which the judgment here could be based.

Under his first contention plaintiff in error argues that the alleged copy of the judgment filed was not duly certified as being a copy of the judgment in the original suit of

Arlington Heights Garage v. Bell, No. 27477, and, for that reason, under article 4096, Revised Statutes, no jurisdiction attached in the Dallas court. The pertinent part of article 4096, reads: " \* \* \* but if the garnishee whose answer is controverted, resided in some county other than the one in which the main case is pending or was tried, and is not a foreign corporation, then upon the filing of a controverting affidavit by any party to the suit, the plaintiff may file in any court of the county of residence of the garnishee having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of the judgment in such original suit and of the proceedings in garnishment, including a certified copy of the plaintiff's application for the writ, the answer of the garnishee, and the affidavit controverting such answer. The court wherein such certified copies are filed shall try the issues made as provided by law."

In the court where the original suit was tried the court had before it the proceedings in garnishment and would take judicial knowledge of the existence of the judgment in the original suit and of what it contained. The Legislature in the above provision evidently intended to place another court to which the garnishment proceedings might be transferred in a like position. It first provided that a certified copy of the judgment in the original suit should be filed in the other court. Such judgment is the basis for the garnishment proceeding and the existence thereof must be shown before any judgment can be rendered against the garnishee.

The application for the writ, the answer of the garnishee, and the controverting affidavit all are necessary to place before the court the issues it will be called upon to try.

It therefore follows that, after the copies required are filed, the court to which the proceeding is removed will be in position to dispose of the issues raised as well as they could have been disposed of in the court of origin.

■ The writ of garnishment is the creature of the statute and the procedure a matter of statutory regulation. Holloway Seed Company v. City National Bank, 92 Tex. 187, 47 S. W. 95, 516. Garnishment is but a species of attachment, is a summary proceeding, and the statutes governing it should be followed with strictness. Buerger v. Wells, 110 Tex. 566, 222 S. W. 151. "Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution." Insurance Co. of North America v. Friedman Bros., 74 Tex. 56, 11 S. W. 1046, 1047.

■ It follows, we think, that it was the duty of defendant in error here to have the certified copies filed in the Dallas court before that court would have jurisdiction to pass upon the merits of the controversy. Jones v. Cummins, 17 Tex. Civ. App. 661, 43 S. W. 854.

■ The clerk of the county court of Tarrant county sent to the clerk of the Dallas court a transcript which included a copy of the judgment in the original suit, a copy of the application for the writ of garnishment, a copy of the writ and the sheriff's return thereon, a copy of the garnishee's answer, a copy of the controverting affidavit, and a copy of the court's order to the clerk to make up a transcript of the record and transfer the same to the county court of Dallas county at law, No. 1.

The clerk attached to the transcript the following certificate: "I, Orville Beall, Clerk County Court at Law, No. 2, Tarrant County, Texas, do hereby certify that the above and foregoing is a true and correct copy of all papers filed and of record in this Court, in cause number 28355, the same being styled; Arlington Heights Garage v. T. H. Johnson as the same appears of record and on file in my office."

The original suit was docketed under No. 27477, while, as appears from the above certificate, the garnishment suit was numbered 28355.

Plaintiff in error here contends that the above certification was insufficient to show that the judgment included in the transcript was the judgment rendered in the original suit; that there is no law providing for a copy of the judgment in the original suit to be filed in the garnishment proceedings, and, therefore, a certification that a judgment appearing in the transcript was filed in the garnishment proceeding does not constitute a certification that the judgment included is the judgment rendered in the original suit.

The law being that in suits of this character a strict compliance with the statutory requirements must be shown, we are constrained to hold that the judgment included in the transcript was not certified to in the manner contemplated by the statute and that there was not such a strict compliance as gave the Dallas county court jurisdiction of the proceeding.

In accordance with such holding the judgment of the trial court must be reversed and the cause remanded to the county court at law, No. 1, of Dallas county, Tex., with instructions to dismiss the case unless the jurisdiction of that court be established by the filing of true and correct certified copies of the proceedings in the Tarrant county court, and it is so ordered.