## PIONEER RESERVE LIFE INSURANCE CO. v. DUNAVANT, Adm'r.

No. 27597. Nov. 2, 1937.

Rehearing Denied Feb. 8, 1938.

Maurice M. Thomas, for plaintiff in error.

James G. Coston and J. T. Coston, for defendant in error.

PHELPS, J. This is an action for damages sustained as the result of the defendant insurance company's negligence in failing to issue a policy within a reasonable time after the application and payment of premium therefor. The 'administrator of insured's estate recovered a verdict and judgment against the insurance company, and the latter appeals.

Considerable argument is had by the parties concerning what inferences are permissible from the evidence. We do not feel that it is necessary for us to set forth the conflicting statements of facts and circumstances occurring at the trial; there was sufficient evidence to warrant the jury in believing the following to be the facts:

On December 27, 1933, in Joplin, Mo., the insured signed an application for an accident insurance policy with the defendant company, and delivered it to the agent of defendant at that place. She likewise wrote a check, payable to him, on the same date, covering the premium, and delivered it to him, along with the application. The agent, on the same date, gave her a written receipt for said premium. Thus the application, the check for the premium, and the receipt therefor, were all executed on December 27, 1933.

The defendant's home office is in Oklahoma City. It requires about ten hours for the mail from Joplin to reach Oklahoma City. The regular mail leaves Joplin four times daily, at 7:00 a. m., 12:45 p. m., 4:50 p. m., and 9:15 p. m. Mail deposited in the Joplin post office by 7:00 p. m. will reach Oklahoma City and be delivered during the business hours of the following day, unless the following day is a holiday. The 'application was not received in the Oklahoma City office of the defendant until January 2, 1934. The check which the insured gave defendant's agent, for the premium, on December 27, 1933, was cashed by him at a Tulsa hotel on January 2, 1934. It therefore appears quite probable that the agent delayed the mailing of the application for at least three days after it was given him, for had he mailed it on December 27th, 28th, or 29th, it would have reached the home office on the following day, and in no event later than December 30th. December 31, 1933, was on Sunday, and January 1, 1934, was New Year's day, and both of those days were legal holidays and there was no mail delivered. The circumstances warrant the inference that the agent delayed mailing the 'application until December 30th, if not later. At any rate, the application was received by the home office on January 2, 1934, and the policy was immediately issued on the same day and mailed to the insured in Joplin.

The effective date of the policy was noon on January 2, 1934. But at 12:30 a. m. on January 2d, which was the night of January 1-2, 1934, the insured was injured in an automobile accident, from which injuries she later died. Stated more simply, the accident occurred eleven and one-half

hours before the effective hour of the policy.

In appealing, the defendant asserts that there was no evidence of negligence of defendant as to delay in issuing the policy; that defendant was entitled to a reasonable time within which to investigate the applicant; that the two legal holidays should be deducted from the period of time between the application 'and the date of the policy, and that also at least one day should be deducted therefrom for the time consumed by the application in transit, and that with such deduction it would leave only two days for the home office of the defendant to investigate the applicant before issuing the policy. The defendant further says that the extent of plaintiff's evidence in this connection was merely the showing of the period of time consumed, and that there was no proof of any actual negligence by the defendant. This contention appears quite plausible until it is noticed that it is not the negligence of the home office of defendant which is relied upon by the plaintiff, but it is the negligence of the defendant's agent, in carrying the application around with him for three or four days before forwarding it, which is the basis of this action. The significance of the right of defendant's home office to investigate is entirely lost when it appears that the home office made no investigation. The evidence shows, as stated above, that the home office did not receive the application until January 2nd and that it then immediately, upon the same day, issued the policy without any investigation and forwarded it to the insured. We therefore think it is reasonable to infer that had the 'application been mailed by the agent on December 27th, 28th, or 29th, the policy would have been issued not later than December 30th, in time to cover the accident, for the home office did issue the policy on the same day upon which it actually received the application, which receipt was a few hours later than the accident.

The plaintiff points out that if the agent did in fact mail the application on December 27th, 28th, or 29th, and that therefore the delay in its receipt by the home office was attributable to a delay in the mails, this fact could have been shown by the testimony of the agent, who could have been produced by the defendant as a witness, and that the failure to produce such testimony should be construed against the defendant. This contention is tenable and has repeatedly received legal sanction. In Royal Protective Ins. Co. v. Shoemaker, 178 Okla. 612, 63 P. (2d) 960, citing several previous decisions of this court, we held:

"Where it is reasonably within the power of a party to offer evidence which would be decisive of the case, and he fails to offer such proof, the natural conclusion is that the proof, if produced, would be unfavorable to him, and the jury is justified in acting upon that conclusion.

"Where it is apparent that a party has the power to produce evidence of a more explicit, direct, and satisfactory character than that which he does introduce and relies on, it may be presumed that if the more satisfactory evidence had been given it would have been detrimental to him and would have laid open deficiencies in, and objections to, his case which the more obscure and uncertain evidence did not disclose."

The defendant placed several experienced insurance men on the stand, who testified that ten days to two weeks are ordinarily required to investigate an applicant for insurance, and that in their opinion the policy in the instant case was issued within a remarkably short time following the application. Such testimony would be of more relevance if the negligence involved in the case were the negligence of the home office, but that is not the situation, and the negligence relied upon, as stated above, was the negligence of the 'agent in failing to forward the application. It is not contended by the defendant that such period of delay was consumed by the agent in investigating the applicant, on behalf of the company. If such were the fact, no doubt it would have been shown by the defendant. The act of said agent in either carrying the application around with him in his pocket for three or four days, or in allowing it to lie on his desk for that period, created a situation warranting the jury in pronouncing such conduct negligence, according to the cases.

In Security Ins. Co. of New Haven v. Cameron, 85 Okla. 171, 205 P. 151, we went into this question very thoroughly. In the 4th syllabus of that case we held:

"An insurance company may be held liable in damages to an applicant for insurance where there has been unreasonable delay in perfecting and forwarding an application to the company for acceptance or rejection, by the soliciting agent of the company or other agent who has authority to supervise the solicitation and preparation of applications, 'and the question of the unreasonableness of the delay is one for the trier of the facts in each particular case under proper instructions of the court."

In that decision we set forth the theory of the rule, by incorporating therein the following excerpt from Duffie v. Bankers Life Ass'n, 160 Iowa, 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25:

"Having solicited applications for insurance, and having so obtained them and received payment of the fees or premiums exacted, they are bound either to furnish the indemnity the state has authorized them to furnish, or decline so to do within such reasonable time as will enable them to act intelligently and advisedly thereon or suffer the consequences flowing from their neglect so to do. Otherwise, the applicant is unduly delayed in obtaining the insurance he desires, and for which the law has afforded the opportunity, and which the insurer impliedly has promised, if conditions are satisfactory."

A case which has been considerably quoted on this subject is Boyer v. State Farmers Mutual Hail Ins. Co., 86 Kan. 442, 121 P. 329, 40 L. R. A. (N. S.) 164. In that case an application was made July 7th for hailstorm insurance, a note was given for the premium, and the agent spent July 8th and 9th trying to dispose of the note. On July 10th the agent mailed the application and premium to the home office, and on July 11th the crop was destroyed by hailstorm, and on July 12th the insurance company, in ignorance of the fact that the crop had been destroyed, issued the policy. The court held that the insurance company was liable for the negligence of its agent in not forwarding the application promptly, and the following is from that opinion:

"If the agent only be considered it is clear enough that he would be liable if his negligent retention of the application prevented its timely acceptance. Since he was merely the arm of the defendant the obligation resting upon him was the obligation of the defendant. Therefore, the duty of the defendant to secure prompt transmission of the application from the solicitor's field to the central office is quite apparent. Whether or not the delay in this case was unreasonable was a question of fact for the trier of the facts and as it is presented here is not one of law for this court.

"It is claimed that the finding that a policy would have been issued before the corn was destroyed had the application been forwarded promptly is not sustained by the evidence. The finding is sufficiently sustained by the proof that the application was immediately approved upon its arrival at the defendant's office, and a policy was issued accordingly taking effect at noon of the same day."

We should observe at this point that the foregoing cases involved fire and hail insurance, but the principle is applied in the same manner to accident or life insurance, the only difference between the two classes of cases being one of fact as to what period of delay would be unreasonable, under the circumstances of the particular case. It is a well-known fact that many persons take out accident insurance for the specific purpose of protecting themselves during a journey or undertaking contemplated by them for the immediate future. This is perfectly proper, and is a class of risk which is in fact solicited by some companies. It is, of course, not incumbent upon the insurance company to issue the policy immediately upon receipt of the application, for it must be given time for investigation, and it need not issue the policy at all, but that is a question which has no application to the facts in the instant case, for here the policy was issued immediately upon receipt of the application, but the receipt thereof was preceded by a period of delay on the part of the company's agent. Whether such period was unreasonable was a question for the jury to decide, and we are not inclined to the view that the issue should not have been submitted to the jury.

In the note to the Boyer Case, supra, it is said in 40 L. R. A. (N. S.) 165:

"The question of what is a reasonable time for forwarding the application would vary with the particular circumstances of each case. For example, what might be found to be a reasonable time for forwarding an application for fire or life insurance might not be a reasonable time in a case involving an application for hail insurance which was made, as in Boyer v. State Farmers' Mut. Hail Ins. Co., at a time when a loss might be expected momentarily. But whatever the decision of the jury may be on this question, it cannot be doubted that the proposition that an insurer should be held liable for a loss sustained by an applicant for insurance because of the negligence of the * * * agent in failing to forward the application within a reasonable time is sound."

And in the Boyer Case, it was further stated that:

"The application was given for the purpose of transmission to the defendant's headquarters and not that it might be retained by the agent and carried about in his pocket."

The defendant also contends that the trial court erred in permitting the plaintiff to file his amended petition, changing the theory of the action from contract to tort. There can be no doubt that this was

a departure from the theory of recovery sought in the original petition, which was the ordinary petition in contract on the insurance policy. But it does not necessarily follow that the judgment should be reversed for that reason. Amendments are allowed when they are necessary for the promotion of justice. The cases cited by defendant in support of this proposition are largely instances where the amendment, changing the theory of the case, was permitted on the actual trial of the case, or by way of reply. Manifestly in those cases the defendant was taken by surprise or was otherwise unfairly prejudiced by the untimely filing of the amendment, but in such a situation as we have here, where the amendment was permitted long prior to trial, and where the defendant had the same opportunity to prepare for trial as would have been afforded if the case had been dismissed and a new one filed, we see no reason for invoking the rule contended for by the defendant. The trial judge instructed the jury that the only issue before them was that of negligence; the case was tried entirely on that theory, and not contract. It is difficult to conceive how the defendant was harmed by permitting the amendment.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.