## WHITESTINE v. GADDIS.

### No. 30885.   Nov. 30, 1943.

Rehearing Denied Jan. 25, 1944.

*145 P. 2d 187.*

F. V. Westhafer, of Tulsa, for plaintiff in error.

Chas. R. Nesbitt, of Tulsa, for defendant in error.

ARNOLD, J. Bert Whitestine appeals from a judgment of the court of common pleas of Tulsa county in favor of E. O. Gaddis, and presents but one issue of law.

Whitestine listed real estate for sale with an agent, and executed a contract with Gaddis to sell the property to Gaddis. The title to the property was held by Mrs. Whitestine and she refused to execute a deed in pursuance of the contract, and no sale resulted.

Thereupon Gaddis filed an action against the Whitestines alleging in substance that he was entitled to specific performance, and seeking both specific performance and an injunction against the sale of the property to another. A restraining order was issued ex parte, and, at the hearing thereafter on the issue of granting a temporary **injunction,** a temporary injunction was granted against Whitestine, conditioned upon the giving of bond, but a like injunction was refused as to Mrs. Whitestine. No bond was given. Plaintiff, acting on permission granted by the court, filed an amendment to his petition as a second cause of action setting out facts against both the husband and wife and alternatively pleading for damages against Whitestine for his deceit concerning ownership of the property. Whitestine attacked this pleading by a joint special demurrer, whereupon plaintiff was given permission to and did amend the amended petition by including Mrs. Whitestine in the second or alternative cause of action for damages. Mrs. Whitestine filed a general demurrer calling attention to the inconsistency of plaintiff's two causes of action, and also filed a plea that plaintiff, Gaddis, be required to elect. Thereupon plaintiff was permitted to file an amended statement of his second cause of action. In this he asked that if specific performance could not be granted, he have actual and punitive damages from both defendants. They then filed a demurrer to this pleading, and this demurrer was sustained as to the first cause of action as to both defendants and as to the second cause of action as to Mrs. Whitestine. The action was later dismissed as to Mrs. Whitestine because of the failure of plaintiff to plead further as to her. As stated by Whitestine, "what was originally instituted as a suit for specific performance of a valid contract eventually developed, by amendment, into a purported action in tort for fraud and deceit" against the husband only.

We have reviewed the history of the pleadings at this length because the sole issue relates to the effect Whitestine seeks to have given to those pleadings and so-called changes of theory on the part of Gaddis. This sole issue argued is stated thus:

"Our system of Civil Code pleading does not permit a litigant to change his pleading, by amendment or otherwise, from an equitable action of specific performance into a tort action for false representations, resting on different and opposite statement of facts."

In support of this argument Whitestine cites and relies on Brinson v. Kirtley, 110 .Okla. 227, 237 P. 457; § 251 O. S. 1931; 49 C. J. 99; Jones v. Exchange Nat. Bank of Muskogee, 124 Okla. 5, 253 P. 49; Miller v. Gregory, 132 Okla. 48, 269 P. 302, and other decisions of similar purport.

The first part of Whitestine's argument goes to the point that the allegations respecting ownership of the property and the use made of those allegations of fact as the basis for the relief sought, as exhibited by the original petition, are so inconsistent with and repugnant to the allegations contained in the amended petition whereon the action was tried that it is both illegal and immoral to permit Gaddis to have any standing in court. He argues that the allegations in the original petition bind Gaddis and prevent his thereafter alleging facts contrary thereto. We think Whitestine interprets Gaddis' allegations in the original pleading too rigidly and too narrowly. Gaddis was pleading about a matter wherein he had been deceived and about which a solemn contract had been broken because it was signed by a person who claimed now to be neither owner nor agent. The demurrers of the Whitestines admitted the truthfulness of his allegations in this respect. When the trial court sustained the demurrer to his pleading, saying thereby that even if these things were true he had no legal basis for his equitable remedy, the allegations he thereafter made against Whitestine charging him with deceit and misrepresentation to his, Gaddis', damage were not inconsistent with nor repugnant to the allegations of the original petition. We decline to hold that the allegations of the original petition were in the nature of binding admissions against Gaddis that afterwards precluded his alleging something somewhat contrary thereto.

The rule announced in 49 C. J. 99 is not applicable and the cases therein cited are likewise not in point. The rule applies to situations not at all like the one under consideration.

It will be observed from the foregoing statement of facts that before the answer was filed herein, and with leave of court, the plaintiff filed the statement of his second cause of action in this cause wherein he alternatively set forth a new and different cause of action. No objection appears to court's action in permitting the filing of the statement of the second cause of action and no motion to strike the second cause of action was filed. (No objection is made on the ground of no notice given of the application to file statement of second cause of action. Apparently, though the record does not distinctly disclose this fact, the leave of court was granted in open court and in the presence of opposing counsel.) Demurrers, special and general, were presented to the two causes of action, and after they were determined, as hereinbefore set forth, the defendant filed his answer joining the issues raised by the second cause of action. The action of the trial court in sustaining the general demurrer of both defendants to the first cause of action left only one cause of action against the defendant (plaintiff in error, Bert Whitestine). 12 O. S. 1941 § 314 provides:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant, or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

We have applied this section of the statute to amendments setting forth a new and different cause of action than that stated in the original petition. Guyer et al. v. London, 187 Okla. 326, 102 P. 2d 875; Pioneer Reserve Life Insurance Co. v. Dunavant, 182 Okla. 58, 72 P. 2d 1044. It is apparent that the defendant was well and sufficiently advised of the allegations made against him in the second cause of action for damages based on fraud and deceit.

It plainly appears that the defendant suffered no prejudice by reason of the departure indicated nor that the court abused its discretion in permitting the

plaintiff to amend his petition by stating a new and different cause of action against the defendant.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.