# Vandeford, *et al. v.* Stovall.

*Bill in Equity to establish Trust in Land.*

1. *Equity pleading; amendment of bill.*—Under the provisions of the statute (Code of 1886, § 3449; Code of 1896, § 706), the amendment of a bill in equity at any time before final decree, by striking out or adding new parties, is a matter of right; and it is not a matter of discretion with the court to allow or disallow the amendment asked for.

2. *Bill to establish resulting trust; proper parties.*—Where a bill is filed to establish a resulting trust in lands, the vendors of the land are neither proper nor necessary parties.

3. *Same; effect of striking out parties defendant; such parties have no right to appeal.*—Where a bill is amended by striking out, as defendants, certain named parties, who had filed a cross bill, the cause is *ipso facto* dismissed as to them, their cross bill is gone, and they have no standing in court, and no right to ask for or submit any motions connected with the case; and not being parties to the final decree, they have no right to appeal therefrom.

[Vandeford et al. v. Stovall.]

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed for the establishment of a resulting trust in land. The original bill was filed by the appellee, A. M. Stovall, against Mary J. Stovall and the appellants. The appellants filed their joint answer to the original bill, and also a cross-bill against the complainant in the original bill and Mary J. Stovall. The complainant demurred to the cross-bill, which demurrer was sustained. Afterwards an amendment was made to the cross-bill, which does not appear to have been demurred to, but was answered by A. M. and Mary J. Stovall. At the hearing, the complainant in the original bill, by an amendment filed by leave of court, struck out all the parties defendant except Mary J. Stovall, leaving the bill by him against her as sole defendant. The defendants to the bill, whose names were stricken out as parties by this amendment, separately objected to the allowance of the amendment as stated, "on the ground that the said respondents and cross-complainants in this cross-bill set up affirmative matter in their cross-bill entitling them to relief affirmative in its nature and not appearing from the original bill." After the cross-complainants were stricken out as defendants to the original bill, they proposed to amend their cross-bill, which the court refused to allow them to do, because the bill had been dismissed as to them. The cross-complainants at the hearing moved to submit their cross-bill with the original bill and to file a note of submission. The chancellor denied this motion on the ground that the complainants in the cross-bill had already been stricken out and dismissed as defendants to the original bill, and were not entitled to a submission of the same with the original bill. The original bill was duly submitted on pleadings and proof, and a decree rendered in favor of complainant according to the prayer of the bill. This appeal is prosecuted by the complainants in the cross-bill, who assign as errors the amendment to the original bill, by which they, as defendants, were stricken out; the refusal of the court to allow them to amend their cross-bill after the original bill had been dismissed as to them; the dismissal of the cross-bill and the decree in favor of complainants against the only remaining defendant, Mary J. Stovall.

[Vandeford *et al.* v. Stovall.]

W. H. SMITH, JR., and J. A. W. SMITH, for appellants.—"Wherever complainants seek for specific performance of a contract, and defendant, by cross-bill asks cancellation thereof, the voluntary dismissal of the original bill does not carry with it the cross-bill." *Wickliffe v. Clay*, 1 Dana (Ky.) 585 ; *Wilkinson v. Roper*, 74 Ala. 147. Appellants' cross-bill should have been retained. By the statute of Alabama, a cross-bill should be retained against a co-defendant or against the plaintiff. *Abels v. Planters & Merchants Ins. Co.*, 92 Ala. 383.

COLEMAN & BANKHEAD, *contra*.—The appellants having been eliminated from the litigation by the amendment to the bill there is no final decree effecting them—they are no longer parties to the original bill and the final decree in the cause is not a final decree as to them. In chancery only final decrees and certain interlocutory decrees can be appealed from.—*Clark v. Spencer*, 80 Ala. 345. Unless there is an interlocutory decree falling under the class enumerated by the statute this court has no jurisdiction to hear the appeal.—*Clark v. Spencer*, 80 Ala. 345 ; *Nabers v. Morris Mining Co.*, 103 Ala. 543. An appeal from a decree sustaining a demurrer to a cross-bill will not lie.—*Barclay v. Spragins*, 80 Ala. 359 ; *Buford v. Ward*, 108. Ala. 307 ; *Jones v. Woodstock Iron Co.*, 90 Ala. 545. Neither the allowance of the amendment nor the decree refusing to allow a submission on the cross-bill fall under the enumerated interlocutory decrees from which the statute authorizes an appeal.—Code of 1886, § 3612. The amendment operated as a dismissal of the bill so far as it effected cross-complainants. Certainly a complainant has a right to amend his bill by striking out parties. Code of 1886, § 3449. The right to amend before final decree is not matter of discretion in the chancellor, but of right in the complainant if there is not an entirely new cause made, or a radical departure from the cause of action stated in the original bill or an entire change of parties wrought.—*Pitts v. Powledge*, 56 Ala. 150.

HARALSON, J.—Before final decree, the amendment of a bill, by striking out or adding new parties, is a matter of right. When the complainant, therefore, moved to strike out as defendants, the names of the

several parties who filed a cross-bill in the case, it was not a matter of discretion with the court to allow or disallow the amendment, but one imposed on it as a legal duty to allow.—Code of 1886, § 3449 ; Code of 1896, § 706 ; *Fite v. Kennamer*, 90 Ala. 473 ; *Ex parte Ashurst*, 100 Ala. 573.

The bill alleges the purchase by complainant from the four persons, complainants in the cross-bill,—made defendant, at first to the original bill,—of the lands described in the bill ; that he paid the purchase money to them therefor ; that they executed their several deeds of conveyance to said lands to Mary J. Stovall, the defendant, although she did not pay any part of the purchase money ; that the legal titles in said lands are in said Mary J., although in equity and good conscience they belong to the complainant. The prayer of the bill was, that the interest of the said Mary J. in said lands, by virtue of said several deeds executed to her, be divested out of her, and invested in complainant, and for general relief.

It is manifest from this statement of the case, that complainants in the cross-bill were not necessary or even proper parties to the original bill ; that they had no interest in the litigation between the complainant and the defendant in said bill, and that the decree rendered on the final submission of that cause, does not affect their rights in any manner, as against either of said parties to the bill. After their names as defendants were stricken out by the amendment of the complainant in the original bill, the cause was *ipso facto* dismissed as to them, and they had no further interest in the matter. Their cross-bill was gone, and they were no longer parties to the proceedings, and had no standing in court, to ask for or submit any motions connected with the cause. There was no error, therefore, in the several rulings of the court, of which they can complain. They were not parties to the final decree and had no right to appeal from it, inasmuch as it did not touch any of their rights or interests, so as to preclude them from an assertion of them in any other proceeding against either or both of the parties to that suit. This is the only final decree in the cause, and the only one appealed from. If appellants had the right to appeal from any of the orders and decrees of the court assigned as error,

[Jackson County v. Derrick *et al.*]

it is sufficient to say, that the appeal is not prosecuted from any of them.

Affirmed.