# Marshall *v.* A. Shiff & Son.

*Bill in Equity for Cancellation of Mortgage.*

1. *Assignment of commercial paper; purchaser after maturity not bona fide and without notice.*—A transfer by the payee of past due commercial paper, carries with it no greater rights than the payee has; and the purchaser or indorsee of a note and the mortgage securing it, after the maturity of the note, takes it subject to all the defenses which the maker could

prefer against the payee if he had remained the holder, and
such purchaser or indorsee can not claim to be a *bona fide*
purchaser without notice.

2. *Bill to cancel mortgage; transferee of mortgage necessary
   party.*—On a bill filed by a mortgagor to cancel a mortgage,
   which had been transferred by the mortgagee, the trans-
   feree of the mortgage sought to be cancelled is a necessary
   party to the suit, in order that he may have an opportunity
   to protect his interest and be bound by a decree for cancel-
   lation if granted; and the court should not, in the absence
   of an objection to the bill for non-joinder of parties, dismiss
   the bill without affording the complainant an opportunity
   of amending, so as to cure the defect.

APPEAL from the Chancery Court of Monroe.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant, Ida S.
Marshall, against the appellees, A. Shiff and Carl Shiff,
doing business under the firm name of A. Shiff & Sons.
The purpose of the bill and the facts of the case are
sufficiently stated in the opinion. The appeal is prose-
cuted from a decree of the chancellor denying the re-
lief prayed for and ordering the bill dismissed, and the
rendition of this decree is assigned as error.

G. R. FARNHAM, for appellant.—To protect a party
as a *bona fide* holders of commercial paper, he must show
that he obtained said note before maturity, and for a
valuable consideration.—*Vann v. Marbury,* 100 Ala.
438; *Johnson v. Bank,* 88 Ala. 271; *Atkins v. Knight,*
46 Ala. 539.

GREGORY L. & H. T. SMITH, *contra.*—The fact that at
the time of the filing of the original bill of complaint
in this cause the note and mortgage were in the hands
of a *bona fide* purchaser for value and without notice,
constitute a sufficient defense.—*Scott v. Taul,* 115 Ala.
530; *McGhee v. Gindrat,* 20 Ala. 95; *Hodges v. Cole-
man,* 76 Ala. 117; 16 Amer. & Eng. Encyc. of Law, 795.

SHARPE, J.—Complainant and her husband jointly
gave defendants their negotiable note payable November
1, 1897, together with a mortgage on lands purporting

to secure the note. She sues for cancellation of the mortgage on the ground among others, that the land is her separate property and that, except as to a part of the debt which has been paid, the mortgage was given to secure a debt owing by her husband solely and is, therefore, void under the statute (Code, § 2529), which prohibits the wife to become surety for her husband's debts directly or indirectly.

Among the defenses is a plea averring "these respondents hypothecated said note and mortgage for full value to a *bona fide* purchaser who took no notice of the fact that complainant claimed said lands as her separate estate."

There was undisputed evidence tending to show the land was complainant's, that part of the consideration for the note was money borrowed for her, that the remainder was an account owing at the time by the husband solely, and that enough had been paid on the note to cover the borrowed money.

The proof without conflict shows James K. Glennon acquired the note and mortgage by transfer from defendants on November 14th, 1898, to secure him against loss on account of an endorsement then made for defendants. After submission on pleadings and evidence, a decree was rendered in vacation unqualifiedly dismissing the bill. In his written opinion the chancellor gave in substance as his reason for such decree that the plea was sustained by the uncontradicted evidence, the effect of which, as entitling defendants to dismissal, would not be obviated by any amendment of the pleadings.

We are of the opinion that the plea was not proven. As against the complainant and her asserted right, Glennon, having received his transfer after the note matured, is not shown to be a *bona fide* purchaser. With exceptions applying under some circumstances to accommodation paper (*Connerly v. Planters, etc. Ins. Co.*, 66 Ala. 432), the rule is that a transfer by the payee of past due commercial paper carries with it no greater rights than the pavee has. The paper bearing on its face, evidence that it has been dishonored in respect of payment, the transferee is thereby charged with notice, whether apparent on the paper or not, of all de-

fenses legal or equitable which would have been available as against the payee.—*President, etc. v. Poelnitz* 61 Ala. 147; *Atkins v. Knight*, 46 Ala. 539; Rand. Com. P. § 673; 4 Am. & Eng. Ency. Law, 312.

Since Glennon is not a party to the cause we forbear to discuss questions which may affect his interest further than seems necessary to give a reason for the disposition made of this appeal. If defendants were sole owners of the note and mortgage, the record would as against them, show a *prima facie* case for relief. See *Richardson v. Stephens*, 122 Ala. 301. But the fact that those instruments have been transferred before suit, discloses a necessity for making the transferee a party to the suit in order that he may have opportunity to protect his interests and be bound by a decree for cancellation if granted. His absence as a party made it proper to refuse such a decree, but it does not follow that it was proper to dismiss the bill. Though the cause had been submitted for final decree, the court had power to set aside the submission and refuse to proceed until necessary parties had been brought before it, and that would have been the proper course.—*Prout v. Hoge*, 57 Ala. 30. A bill which has not been objected to for non-joinder of parties, should not for such non-joinder alone, be dismissed without affording opportunity for amending the bill so as to cure the defect after the necessity therefor has been indicated by the court.—*Colbert v. Daniel*, 32 Ala. 314; *Gibbs & Labuzan v. Frost & Dickinson*, 4 Ala. 720; *Toulmin v. Hamilton*, 7 Ala. 362; *Andrews v. Hobson*, 23 Ala. 219; 15 Ency. Pl. & Pr. 690.

Reversed and remanded.