(81 South. 608)

WILLIAMS v. HOLDER.   (8 Div. 172.)

(Supreme Court of Alabama.   May 1, 1919.)

1. PLEADING ☞182 — ADMISSIONS—FAILURE TO REPLY.

Where no issue was formed on a plea of tender, there was no error in treating it as confessed.

2. JUDGMENT ☞307—CORRECTION AT SUBSEQUENT TERM.

Where the clerk, under a judgment, had partially distributed a fund deposited in court under a plea of tender, the judgment being no authority for the distribution, a motion by plaintiff to correct the distribution and to order another in keeping with his rights could be entertained at a subsequent term of court.

3. JUDGMENT ☞324 — CORRECTION — DISTRIBUTION OF DEPOSIT IN COURT—EVIDENCE.

On motion of prevailing party at subsequent term of court to correct a distribution of funds deposited in court by judgment debtor, the clerk having partially distributed the deposit in a way not authorized by the judgment, there was no impropriety in permitting the clerk to testify as to how and why he had distributed the funds in such manner.

4. APPEAL AND ERROR ☞1051(2)—HARMLESS ERROR—EVIDENCE.

On motion made in term following entry of judgment to correct a distribution of a deposit made by the judgment debtor under a plea of tender, the admission of evidence as to what the jury considered was harmless, where it tended to show a state of facts in accord with the facts shown by the undisputed record.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by J. H. Holder, as administrator of the estate of C. M. Coffer, against John J. Williams. Judgment for plaintiff. Motion by plaintiff to correct a distribution of a fund which had been paid into court by defendant. From an order of the court directing the clerk to pay over to plaintiff the sum deposited, the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

On the 13th day of October, 1916, J. H. Holder, as administrator of the estate of C. M. Coffer, sued out an attachment against John J. Williams for the rent for the year of 1916 and for advances made by said Coffer to said Williams during the year 1913–1914. In answer, the defendant in attachment paid into court the sum of $231.34 for the rent, at the same time filing his plea of tender, and also pleaded non assumpsit and payment. There was jury and verdict in favor of Holder as administrator in the sum of $92.33, and on September 6, 1917; judgment was entered accordingly. On March 21, 1918, Holder, as administrator, moved the court to direct the clerk to pay over to him the money deposited in court by the defendant in settlement of the rents for 1915. On the hearing of the motion, plaintiff offered McCutcheon, the clerk of the court, who testified that when the judgment was rendered in the attachment suit on September 6, 1917, the defendant's attorney directed him to pay the funds paid in on the plea of tender to the judgment and costs, and that they paid him the sum of $10.66, that being the amount required in addition to the amount paid in on the plea of tender to pay said judgment and costs; that he had paid plaintiff's attorney $92.33, the sheriff his cost, $33.80, county treasurer, the official stenographer's fee of $5, and had applied $32.35 to the clerk's cost, and had on hand an amount to pay witness' claims not yet called for. Plaintiff offered as a witness Ramond Bradford, one of the jurors who tried the case, who testified that in making up their verdict the jury did not consider the question of rents, as they considered that the money paid in under the plea of tender took care of the rents. Defendant objected to all the testimony above offered on the grounds noted in the opinion. The court directed the clerk to pay over to the plaintiff the sum deposited under the plea of tender, less the amount already paid to plaintiff, and ordered execu-

---

tion against defendant for the costs and the amount of the judgment, $92.33.

Bouldin & Wimberly, of Scottsboro, for appellant.

Milo Moody, of Scottsboro, for appellee.

SAYRE, J. [1-4] Upon consideration of the bill of exceptions in connection with the record proper, it does not appear that the court permitted the verdict, or the judgment founded upon it, to be impeached, changed, or modified, by parol evidence. Appellee's motion was to direct the distribution of a fund which had been paid into court on an uncontroverted plea of tender at the previous term. This plea answered so much of the complaint as claimed rent for the year 1916. It did not purport to answer that part of the complaint which sought to recover as for advances made by plaintiff's intestate during the years 1913, 1914, and 1915. This part of the complaint was answered by separate pleas. No issue was formed on the plea of tender, and there was no error in treating it as confessed. The clerk of the court, on instructions from the defendant, had partially distributed the fund which came in with the plea of tender, and the purpose of plaintiff's motion was to correct that distribution and to order another in keeping with their rights. There was no authority for the distribution made, and it might be corrected at a subsequent term of the court. There was no impropriety in showing by the clerk how and why he had distributed the fund, and the evidence as to what the jury considered, if not superfluous in view of the record, did not tend to impeach the verdict or judgment; rather, it tended to show a state of facts in accord with the facts shown by the undisputed record. Birmingham Ry. Co. v. Mason, 144 Ala. 387, 39 South. 590, 6 Ann. Cas. 929. It was, at worst, harmless.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.