141 So. 634

## DRATH v. ARMSTRONG et al.

### 1 Div. 666.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied May 26, 1932.

Harry T. Smith & Caffey, of Mobile, for appellant.

662

Webb & Shepard, of Mobile, for appellees.

## THOMAS, J.

The suits were to declare resulting trusts in lands and for general relief. The two cases were consolidated, by agreement, for convenience. One is styled the "Boutell Case" and the other the "Allen Case."

The appellant filed the two bills of complaint, and as consolidated by agreement, they were so considered by the court. One bill was against Phillip G. Armstrong individually, and the other against Josephine Johnson, Elvera C. Armstrong, and Agnes E. Utter, who were the heirs of Oscar Johnson, deceased, and against Phillip G. Armstrong, as the executor of his estate. In each case the appellant sought to enforce a trust, the first, upon certain property which she had purchased from Mrs. Mary L. Boutell, and the second, upon property which she had purchased from Mrs. Lawrence Allen.

It is alleged that Oscar Johnson acted as complainant's representative in carrying out these purchases, in the first of which Johnson took the title in his own name, and in the second, the name of his son-in-law, Phillip G. Armstrong.

It is the theory of these bills that the complainant contracted to purchase the property, employed Oscar Johnson as her representative in each of these matters, and Johnson took the title to the Allen property in his own name, and that to the Boutell property in the name of his son-in-law, Phillip G. Armstrong, as a method of securing that portion of the purchase price of the respective properties which he (Johnson) claimed he advanced for complainant.

The answer to the bill against Phillip G. Armstrong sets up that Oscar Johnson had advanced $450 for the complainant on account of the purchase money of this property, and that he had taken the title to the property in the name of his son-in-law, Phillip G. Armstrong, "intending to have the respondent transfer the property to Mrs. Drath (the complainant) when she should have repaid the said Johnson the amount so paid by him, with interest, including taxes and cost of abstract"; that "respondent was the son-in-law of said Johnson and it was his custom to occasionally adopt this plan, but respondent did not learn of this transaction until after Mr. Johnson's death"; that "respondent says that his said father-in-law, Oscar Johnson, was not only the soul of honor, but big-hearted, and frequently did acts of kindness for others, and has many written acknowledgments to that effect from the complainant, and whatever was done for her in connection with the purchase of this property was done with her full knowledge and consent and at her request, and merely as an accommodation"; that "respondent denies that the complainant furnished the money to buy this property, but on the contrary says that Mr. Johnson, from time to time, loaned her money and in addition to paying for this property, also paid out a large amount in connection with property from Lawrence Allen, and while complainant did make some remittances to the said Johnson, no direction was given as to the application of same, and there is a large amount due from the complainant to the Estate of Oscar Johnson, by reason of such transaction."

The answer thus admits that the title was taken in the name of Armstrong for the purpose of securing the amounts advanced by Johnson on account of the purchase price of the property conveyed; yet, as we have indicated above, the offer to reconvey is conditioned upon the repayment of the money advanced on account of this purchase price, and upon the complainant's paying her indebtedness to Oscar Johnson, whether falling within the terms of this security or not. Notwithstanding the admission that the conveyance was made as a security for the repayment of this particular advance, the trial court concludes, upon the whole evidence, that it was made with the understanding that this conveyance should stand as security for all debts existing or created of whatsoever character between the parties. That is to say, admits that the respective conveyances had been taken merely as security for advancements made on account of the purchase price of the property conveyed; that Johnson "not only assisted her in this instance, but also in the purchase of the Boutell property, and from time to time made loans to her, and though she did make some remittances to him, there was no direction as to whether same should be applied to the payment of said loans, or the balance due on said properties, and there is still a large amount due to the estate of Oscar Johnson in this connection, and upon the payment of same, respondents stand willing to make complainant proper conveyance."

The trial court expresses the opinion, from the pleading indicated and the evidence, that the conveyances had been taken not only to secure the advancements on account of the purchase price of the respective properties, but that it was the further intent of the parties that it was to secure the payments of all indebtednesses of the complainant to Mr. Oscar Johnson, whether existing at the time the conveyances were executed or subsequently created per their agreement.

In the answer to the second bill of complaint, which we have quoted above, respondents, the heirs, representatives, and administrator of the estate of Oscar Johnson, deceased, admitted that the conveyance of the Allen property to Oscar Johnson was executed and delivered to secure the balance of the purchase price advanced by Oscar Johnson on account of this property, and expressed the willingness of the respondents to reconvey upon such payment, when this and the other moneys so advanced were fully paid. That is, it was further averred in this answer that numerous payments had been made by the complainant to Oscar Johnson without any specific application thereof, and it appearing that Oscar Johnson had made some advancements on account of the purchase price of each piece of property, as well as other advancements that had no connection with either piece of property, and that the complainant had made a number of payments to Oscar Johnson without specific application thereof to any particular advancement, it was manifest that the consolidation of these causes was necessary, in order that both Armstrong, who held the Boutell property, and the heirs, the beneficiaries, and the administrator of the estate of Johnson, who held the Allen property, should all be heard upon proper application of each payment made by complainant. To meet this difficulty or confusion of advancements and payments, solicitors of record entered into an agreement for the consolidation of the causes, which was acted upon, ratified, and adopted in the final decree of the court.

When the complainant seeks to "establish a resulting trust in land and for general relief," and the grantee in each conveyance admits that it was executed to secure advancements which had been made by a third person on account of the purchase price, and offers a conveyance to the complainant upon the payment of such advancements or proper application of payments made, we are impressed that an order of reference should be made to ascertain the amount of the indebtedness secured, to the end that the complainant might be permitted to pay off the debt and equitable liens required to clear the property and to redeem her property—all proper parties being before the court.

This seems to us to be the necessary result of the allegations of the bill and the admissions in the answer, notwithstanding the agreement between the parties, as to the understanding with which the conveyances were taken in the name of Oscar Johnson and his son-in-law, Phillip G. Armstrong, and notwithstanding the willingness of the defendants expressed in the respective answers to reconvey the property upon repayment of proper advancements made by Johnson and those on proper charges on said properties. And if any balance is found due on reference or equitable charge due by the complainant to Oscar Johnson or to his estate upon these properties, redemption should be allowed upon the payment by the complainant of the sum or sums so found to be due by her to said Johnson at the time of his death.

The bills of complaint, their considerations, and the respective answers invoked the court to adjust the rights and equities of the parties, in which an agent intrusted to look after the details of purchases has taken in his own name, or that of his son-in-law, the title to the respective properties which had been purchased by his principal, and this done for the purpose of securing a part of the purchase price, which he claimed to have advanced; and where the principals called for a reference and statement of the accounts, the enforcement of the respective rights to pay off the advancements and redeem the property (all necessary parties being before the court) without dismissal of the bills. Any other course or decree would permit Johnson to retain and keep the property without the ascertainment of whether or not the debt secured had been paid; and, if not, what balance remained thereon as affecting the respective lands.

To further illustrate the necessity for such accounting, the effect of the decree dismissing these bills would leave the title of the land in question, in one instance, in the heirs of Johnson, and in the other instance in Armstrong, who has no interest in the matter whatever. The complainant purchased the land, but the land was not conveyed to her, but to another to secure advancements by Johnson; thus an accounting is necessary that the complainant's indebtedness secured by the conveyance be ascertained and permitted of payment, as sought by the parties before the court. It is necessary that a judicial ascertainment be had as to the amount of money the complainant should be required to pay in order to redeem either piece of her property, and it is only in this way that an agreement and understanding by the parties, as set forth in the bill and in the answer, may be had—an agreement as to whether she was required to repay only the sums advanced in the purchase, or to pay the larger balance, including all of her indebtedness to Mr. Johnson at the time of his death.

■ The right of the complainant to maintain a bill for an accounting, in order to redeem her property from a mortgage or trust to secure payment, is not dependent upon the allowance or disallowance of any particular item of credit claimed by her, which item could only increase the amount of the balance due by her, and could not deprive her of the right of paying whatever balance might be found due and to be paid on redeeming her property.

■■ We may say upon the pleading that a court of equity regards beneficiaries of a trust as necessary parties in a bill to establish respective interests (Hodge v. Joy, 207 Ala. 198, 204, 92 So. 171; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 458, 22 So. 75, 67 Am. St. Rep. 51; Braley v. Spragins, 221 Ala. 150, 153, 128 So. 149; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903), and that the trustee under such a trust is a person necessary as a party. American Insurance Co. v. Newberry, 215 Ala. 587, 112 So. 195; Rice v. Rice, 106 Ala. 636, 17 So. 628; Alabama City, G. & A. Ry. Co. v. Kyle, 202 Ala. 552, 81 So. 54.

■ The court will not render a final decree in the absence of necessary parties. Garner v. Empire Land Co., 217 Ala. 528, 117 So. 64; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Pate v. Hall, 220 Ala. 411, 125 So. 650.

In Colbert v. Daniel, 32 Ala. 314, 332, Mr. Justice Walker observed that: "The court, for the mere nonjoinder of parties defendant, should not have dismissed unqualifiedly without affording an opportunity to amend.—Gibbs & Labuzan v. Frost & Dickinson, 4 Ala. 720; Lucas v. Bank of Darien, 2 Stew. 326; Rugely v. Robinson, 10 Ala. 703; Alderson v. Harris, 12 Ala. 580; Toulmin v. Hamilton, 7 Ala. 369; Grimshaw & Brown v. Walker, 12 Ala. 101; Hartley v. Bloodgood, 16 Ala. 233."

And Mr. Chief Justice Brickell thus states the general rule in Prout v. Hoge, 57 Ala. 28, 30: "The general rule in a court of equity is, that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice, unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all who have an interest in its subject-matter. Story's Eq. Pl. § 72."

In Marshall v. A. Shiff & Son, 130 Ala. 545, 548, 30 So. 335, 336, the court said: "Though the cause had been submitted for final decree, the court had power to set aside the submission and refuse to proceed until necessary parties had been brought before it, and that would have been the proper course. Prout v. Hoge, 57 Ala. 30. A bill which has not been objected to for nonjoinder of parties should not for such nonjoinder alone be dismissed without affording opportunity for amending the bill so as to cure the defect after the necessity therefor has been indicated by the court. Colbert v. Daniel, 32 Ala. 314; Gibbs & Labuzan v. Frost & Dickinson, 4 Ala. 720; Toulmin v. Hamilton, 7 Ala. 362; Andrews v. Hobson's Adm'r, 23 Ala. 219; 15 Enc. Pl. & Prac. 690."

■■ We shall see that all necessary parties and the whole title were before the court in the consolidated cause. In the first bill Phillip G. Armstrong, the trustee, was the only respondent; in the second bill the respondents were Josephine Johnson, Elvera C. Armstrong, Agnes E. Utter, and Phillip G. Armstrong, as the executor of the estate of Oscar Johnson, deceased, all of whom are over the age of twenty-one years. That is, Mr. Johnson's executor and the several distributees of his estate were all made parties respondent and duly served with process, to enforce the trust in the property conveyed to Johnson, and who appeared by answer. The consolidation of the causes by agreement of the parties in interest afforded an opportunity, that was full, ample, and sufficient as to all parties in interest, the trustee, the personal representative, and cestui que trustent, and distributees, to be heard upon all questions presented and involved; the whole title was before the court (Hodge v. Joy, supra) in the consolidated cause.

No objection by demurrer or answer was made thereto for want of necessary parties, and under the rule that obtains in chancery, the bill or consolidated cause should not have been dismissed. All proper parties were before the court in the consolidated cause in which the decree was rendered.

The cause is reversed and remanded for a reference and accounting as to the full indebtedness between Mrs. Drath and the Johnson estate and the heirs at law and next of kin of the said Oscar Johnson, deceased. It is apparent from the evidence, and course of dealings of the parties, that the lands be held as security, in a court of equity, for all sums advanced by Johnson to Mrs. Drath, although the same were not used in the purchase of the specific properties.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.