184 So. 689

**HALL et al. v. WHITFIELD.**

2 Div. 130.

Supreme Court of Alabama.

Nov. 25, 1938.

J. C. Locke and Clifton C. Johnston, both of Marion, for appellants.

Geo. Pegram, of Linden, for appellee.

BROWN, Justice.

This bill filed by the appellants against appellee, as the administrator of the estate of William R. Hall; deceased, seeks to invoke the jurisdiction of the Circuit Court, sitting in equity, to establish a claim against said estate, and compel its payment by the administrator, out of the assets of said estate in his hands.

The basis of the alleged claim is One Thousand Dollars ($1000), alleged to be a reasonable attorneys fee for services rendered by the complainants Locke and Johnston, as attorneys employed by the complainant Hall to propound for probate what purported to be the last will and testament of said William R. Hall, deceased, in which the complainant Hall was named as sole devisee, and nominated as the executor.

The petition to probate the will was contested by one of the heirs at law on the ground that said Hall was of unsound mind and, therefore, not competent to make and execute the will. The contest was sustained and the paper denied probate.

The claim, as the bill alleges, was filed with the administrator, in due time, "but that the same has been wholly refused by the Administrator of the estate," and has not been paid.

The bill, as originally filed, was addressed to the Court's general equity powers, but was subsequently amended, to bring it within influence of the Declaratory Judgment Act. Gen Acts 1935, p. 777.

The defendant demurrer to the bill, for want of equity, misjoinder of parties complainant, multifariousness, and because it disclosed that complainants had an adequate remedy at law. The demurrers, first addressed to the bill as originally filed, were sustained and the defendant allowed to amend. The amendment, as before noted, was to bring it within the influence of the Declaratory Judgment Act. The defendant refiled the original demurrers to the bill as amended, adding other grounds, not here considered pertinent.

The court sustained the demurrers and dismissed the bill, and from that decree this appeal is prosecuted.

Prior to the passage of the Act of April 8, 1873, Acts, 1872–73, p. 131, one who had rendered services to a trustee beneficial to the estate in his hands for administration, after exhausting legal remedies against him, if he was not in default, could proceed in equity to be subrogated to the rights of the trustee to have the claim allowed. And as observed by Brickell, C. J.: "The obvious purpose of this statute is to charge [change] this rule; to convert the claims for compensation for services rendered for the benefit of trust estates, on the employment of a trustee who has vacated the trust, or become insolvent, into charges on the trust estate, to be enforced against the legal representative of the estate, by an action at law. An entire change of the character of the demand is produced. From a personal liability of the trustee, it is made a charge on the estate, burdening the rights and interests of the cestui que trusts without regard to the state of the trustee's accounts, or to the inquiry whether he could retain the estate for its payment." Askew et al. v. Myrick, 54 Ala. 30.

This statute was brought forward in the Code of 1876, as § 3747, in its original form. In bringing it forward in the Code of 1886 it was divided into two sections, 3564, 3565, and was revised, and as so re-

vised, § 3564, is as follows: "A trustee, or an executor, or an administrator, may render the estate in his hands to be administered liable for the payment for necessary services rendered to him, or for necessary repairs in and upon the estate, or for necessaries furnished to him, if he be or become insolvent without making payment, and has not charged the estate with, and obtained credit for such services, repairs, or necessaries."

. Section 3565, prescribed the mode of enforcing such charge or liability, by proceeding in equity, by the party rendering such services, making such repairs, or furnishing such necessaries, his or their assignee, or personal representative. Code 1886, §§ 3564, 3565, 3566.

These statutes have been brought forward in several Codes since that time without material changes. Code 1923, §§ 10422, 10423, 10424.

Under these statutes, the power to charge the trust estate is conferred on the trustee, or executor or administrator, who has an estate in hand for administration, and his becoming insolvent without making payment, and not having charged the estate, and obtained credit therefor, is a prerequisite to a right of action in the person furnishing the service, making repairs or furnishing necessaries. Code 1923, § 10422; Taylor et al. v. Crook, Adm'r, et al., 136 Ala. 354, 373, 374, 34 So. 905, 96 Am.St.Rep. 26.

In the case last cited, it was observed [page 909]: "Of course, any proper cost or expense incurred by a trustee is a charge in his favor on the estate *in his hands,* and he will never be deprived of the estate until his charges are paid, and no limitations would run against the items of charge while there was a live trust in existence in the hands of such trustee. * * * The other point is equally clear. Neither Edward Gantt, nor any one authorized to contract for him or the estate, dealt with J. T. Heflin. Samuel Leeper, at best, employed him to have the will probated. Leeper was, at most, a *quasi trustee,* having a right to employ a lawyer to perform the service, and, on paying him, to ask an allowance against the trust. The rule against allowing persons dealing with trustees to proceed directly against the trust is founded on public policy. The public interest requires that trustees shall incur the liability with the risk of its being disallowed, for cause,

when they come to settle their accounts. This secures their good faith, and keeps a salutary check upon their liberality in dealing with trust estates. And, besides, to allow a double liability and right in every creditor to proceed against either or both, as he may prefer, would produce the utmost confusion. Jones v. Dawson, 19 Ala. 672; Steele v. Steele's Adm'r, 64 Ala. [438] 439, 38 Am.Rep. 15, supra. The rule, therefore, is wise which makes the trustee liable to the person he deals with." Taylor et al. v. Crook, Adm'r, et al., supra.

In Mitchell v. Parker, 227 Ala. 676, 151 So. 842, at the time the services were rendered the trustee, for whom they were rendered, was administrator ad colligendum, having in his hands the assets of the estate, and on his final settlement was allowed a credit for the expenses incurred in seeking to probate the will. His accounts having been allowed, good faith was presumed on review of the settlement. So, also, it has been held here that "We must assume that this executor was acting in good faith, since his effort to establish the will, though resisted, was successful." Alexander v. Bates et al., 127 Ala. 328, 343, 28 So. 415, 420.

The averments of the bill do not bring the case within the influence of the statute, Code 1923, § 10423. Complainant Hall was but a *quasi trustee* and the estate never came into his hands for administration. The complainants, Locke and Johnston, to bring themselves within the influence of the statute must show that the services were rendered to Hall in good faith, Hall so acting for the benefit of the estate and that at the time such services were rendered, the estate was in Hall's hands as trustee, executor, or administrator for administration; that he had become insolvent without paying for such services, and has not charged the estate with and obtained credit for such services.

We have not overlooked § 6261 of the Code 1923, but hold that it is not applicable to the case as presented by the bill.

Our conclusion is that the bill is without equity, and so far as appears from its face, is not capable of amendment so as to give it equity. It is also subject to the objection that there is a misjoinder of parties complainant, an objection which the appellants had an opportunity to correct when the demurrer to the original bill was sustained on that ground.

The bill was subsequently amended without correcting this defect, and if the bill was otherwise sufficient, appellants are in no position to complain that they were not permitted to further amend their bill. Ezzell v. First National Bank of Russellville, 218 Ala. 462, 119 So. 2.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.