63 So.2d 29

## BRANTLEY et al. v. BRANTLEY.
### 4 Div. 700.

Supreme Court of Alabama.

Jan. 22, 1953.

Oliver W. Brantley, Troy, for appellants.

368

C. L. Rowe, Elba, J. W. Brassell, Phenix City, and Brown & McMillan, Opelika, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree overruling the demurrers of the respondents, Mrs. Mildred Irene Richardson, Marcie Brantley filed by her guardian ad litem, who separately demurred, James Brantley and Charles F. Brantley, who jointly demurrer to the bill, all of said demurrers going to the bill as a whole.

After leave to sever in the assignments of error was granted the case was submitted on briefs by agreement of the parties on November 5, 1952. On the day of the submission the appellee made suggestion of diminution of the record and filed motion for the issuance of certiorari to complete the same, but did not include this motion in the submission. The parties have filed briefs in support of and against the sufficiency of the showing to warrant the granting of certiorari and have agreed that this question may be considered by the court. The motion or suggestion states:

"(2) That the record in this cause is incomplete and imperfect in that there is omitted therefrom those bench notes of the Trial Court which recite that this appellee made an oral motion in said cause on, towit, the 4th day of February, 1952, which motion was accepted by the Trial Court and taken under advisement, and which motion had for its object the consolidation in the trial court of Case Number 3843 of the Circuit Court of Pike County, Alabama, in Equity, a cause entitled 'Callie E. Brantley v. James E. Brantley and others' with Case Number 3833 of the Circuit Court of Pike County, Alabama, in Equity, a cause entitled 'In the Matter of the Will of J. G. Brantley, Deceased'; that this oral motion was made and the bench notes of the Trial Court entered prior to the day of the date of the rendering of the decree on demurrer here appealed from; that under the provisions of Section 827(1) of Title 7 of the Code

of Alabama, 1940, as amended, this motion and these bench notes are properly includable in the record of said Case Number 3843; and that the record in said Case Number 3843 as now before this Court is imperfect and incomplete by reason of the omission of these bench notes and this oral motion of the appellee."

The statute cited in support of the motion abolishes bills of exception in the trial of cases at law and substitutes therefor a transcript made by the reporter of the proceedings, not of record, and seems to be inapposite to the question by the appellee's motion. Code of 1940, Title 7, § 827(1), p. 127, Cum.Sup.1951.

The subject matter of the motion, as stated in appellants' brief, is the bench notes of the trial judge entered on the trial docket in these words and figures: "2–4–52. Cont. for purpose of perfecting of service upon all parties. Solicitor for complainant moves consolidation of Cases Nos. 3843 and 3833. Motion taken under advisement." The brief further states, "As the record shows, three of the appellants had been served and had entered their demurrers. The fourth Mildred Irene Richardson had not been served and had not entered an appearance. The motion has never been acted upon, though the demurrers were submitted by agreement on February 27th."

The purpose of bench notes entered by the trial judge is to give direction to the clerk of the court to enter the judgment of the court on the minutes, and, if sufficient in substance, are such quasi evidence as will support motion to enter judgment nunc pro tunc. Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716; Cooper v. Owen, 230 Ala. 316, 161 So. 98. But such bench notes are inefficacious to aid the court in interpreting and determining the sufficiency of the allegations of the bill as against the demurrer filed. Our conclusion, therefore, is that the motion made by the appellee should be and it is hereby denied.

The bill was filed by the appellee as the widow of James G. Brantley, deceased, under the Declaratory Judgment Act, Code of 1940, Tit. 7, § 156 et seq., against The First Farmers & Merchants National Bank of Troy, Alabama, a corporation, as Executor of the last will and testament of said decedent, and the other respondents. The bill alleges that James G. Brantley left surviving him "the complainant, his widow, and the following listed heirs and next of kin", without alleging their kinship but giving the name and address of each of said respondents. The bill prays that each of the respondents be made parties respondent to the bill of complaint; "that by due process they and each of them be required to plead, answer or demur hereto, within the time and in the manner required by law and the rules of this Honorable Court, and that a guardian ad litem be appointed for Marcie Brantley, a minor under the age of 21 years and that such guardian ad litem be also made a party respondent to the bill of complaint and by due process be required to plead, answer or demur hereto within the time and in the manner required by law and the rules of this Honorable Court, etc."

The bill seeks a decree declaring an alleged antenuptial agreement entered into between the parties on the 17th day of January, 1929, and that "every provision thereof [be declared] invalid, null, void and of no effect." Brackets supplied. The said agreement is set out in haec verba in the bill, the last paragraph of which provides: "3. Upon the demise of first party, if from natural causes, and if prior to the demise of second party, second party shall be paid by first party's personal representatives the sum of $3,000.00 in full settlement of all claims of dower or other interest she may have in the estate of first party."

The bill alleges that Brantley, the party of the first part, died in Pike County, Alabama, on the 4th of December, 1950, leaving surviving his widow, the party of the second part, to the above agreement; that his personal representative, as executor, filed in the Probate Court of Pike County an instrument in writing purporting to be the last will and testament of said Brantley. On the 5th day of December, 1950, an order was made by said probate court

admitting said instrument to probate as such last will and testament. On the 3rd day of January, 1951, the complainant dissented from the will under the provisions of § 18, Title 61, Code of 1940, and made demand on the executors, The First Farmers and Merchants National Bank of Troy, Alabama, to pay over to her all the money which it held and now holds as executor under the will of James G. Brantley, she being entitled after her dissent to all the personal property of decedent, except such amount as exceeds the sum of $50,000. Thereafter the executor refused to turn over this money and still refuses to do so, saying that the contract heretofore set out in section 2 of the bill, limits the amount of personal property the complainant is entitled to receive after her dissent from the will.

The bill alleges that said agreement was signed in the City of Montgomery, Montgomery County, Alabama; that shortly after she signed the agreement, she and said Brantley left Montgomery for Florida and were there on the same day lawfully married in the City of DeFuniak Springs, Walton County, Florida. That the circumstances surrounding the above agreement were that she had left the same day from Birmingham, Alabama, for Florida, with the intent and purpose of getting married. Her husband-to-be, James G. Brantley, insisted that they stop in Montgomery, Alamaba, to see his lawyer, one Arthur B. Chilton; that they went to the lawyer's office and there was some discussion of this agreement, but on that occasion she was not represented by counsel, Chilton having been employed by Brantley to represent him and to draw the agreement. At this time she did not read the agreement and did not read the agreement until August 16, 1951. While the parties were in Chilton's office, Brantley told her that the agreement was intended to "take care of her" and at that time she knew nothing whatever about the property of James G. Brantley, the quantity thereof or the extent to which it was incumbered. After the agreement was signed the complainant and Brantley left Montgomery and proceeded to Florida, where they were married as heretofore averred. Complainant

and James G. Brantley were married again to each other on March 23, 1929, in Jefferson County, Alabama.

The bill further avers that said agreement was signed by her under circumstances when she was placed at a disadvantage in that she did not know the contents of the agreement or the intended effect thereof; that the agreement is lacking in mutuality and is not supported by an adequate consideration and is not fair to her; that at the time there existed between her and the said Brantley a confidential relationship of confidence, wherein she relied and depended on him to deal fairly with her and that he failed to disclose to her all the terms of the agreement and the legal effect thereof; that said agreement was prepared at the instance of Brantley to protect himself, his heirs and kin and that he intended said instrument to act forever as a bar to her of the greater part of her rights to share in the distribution of his estate.

There is an absence of averment in the bill as to the value of said estate at the time of Brantley's death or of his financial status at the time said agreement was made. There is also an absence of averment as to the disposition made of his estate by his said will and the beneficiaries named therein. Neither does the bill aver that the persons, other than the bank, named as respondents are all the heirs at law and next of kin of said Brantley, nor is there any averment as to their kinship or relationship with the decedent Brantley, nor that the complainant's signature was procured to said agreement through undue influence, arising out of the relationship and circumstances attending its execution. Wells v. Wells, 249 Ala. 649, 32 So.2d 697; Milliner v. Grant, 253 Ala. 475, 45 So.2d 314. In the absence of such averments, the bill is subject to the demurrers interposed thereto.

█ While it is stated in brief that the administration of the estate of said Brantley was subsequently removed to the circuit court of Pike County, in Equity, for further administration, the bill does not so allege. Nor is it shown by any averment in the bill or otherwise that the record in that case has been brought to this court by ap-

peal in any way. Under these circumstances, we are not willing to extend the rule laid down in Cogburn v. Callier, 213 Ala. 38, 104 So. 328, to aid in the interpretation of the allegations of the bill as against the demurrer. Crossland v. First Nat. Bank of Montgomery, 233 Ala. 432, 172 So. 255.

 Under the mandatory provisions of Section 166, Title 7, Code of 1940, in proceedings seeking declaratory relief, the legatees under the will an the heirs at law are necessary parties. Said section provides, inter alia: "All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. ' * * *"

The averment in the bill that the parties named as respondents are the "listed heirs and next of kin" does not meet this requirement. This point was taken by the 20th ground of demurrer filed to the bill as a whole. We are also of opinion that ground 30 of the demurrer was well taken.

It results, therefore, that the court erred in overruling the separate demurrer of the respondents to the bill as a whole. The decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.