108 So.2d 835

TRUSTEES OF HOWARD COLLEGE

v.

J. G. McNABB et al.

EDGEWOOD DEVELOPMENT
COMPANY et al.

v.

J. G. McNABB et al.

6 Div. 269, 277.

Supreme Court of Alabama.

Jan. 15, 1959.

Rehearing Denied Feb. 19, 1959.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant Trustees of Howard College.

Deramus, Fitts, Johnston & Mullins, Birmingham, for Edgewood Development Company and Pittman.

Barber & Haigler, Birmingham, for appellees.

LAWSON, Justice.

This bill was filed in the Circuit Court of Jefferson County, in Equity, by J. G. McNabb and others against Trustees of Howard College, a corporation; J. D. Pittman; Edgewood Development Company; Jefferson County, Alabama; and against certain unnamed corporations and individuals.

Separate demurrers were interposed by the named respondents to the bill as amended. The trial court in a single decree overruled each of the demurrers so interposed.

From that decree the respondent, Trustees of Howard College, took an appeal to this court. When the certificate of appeal reached this court the cause was docketed as 6 Div. 269. Thereafter the respondents J. D. Pittman and Edgewood Development Company jointly appealed from the decree overruling the demurrers. The certificate of appeal which reached the clerk of this court did not contain any information tending to show that the appeal was from the decree from which the Trustees of Howard College had already appealed, so the last appeal was separately docketed as 6 Div. 277. Later the circuit clerk correctly forwarded to this court a single transcript containing all of the proceedings. The two appeals were argued together at time of submission.

■ The bill seeks a declaratory judgment and other relief. The decree overruled the demurrers generally without referring to the so-called "partial" demurrers. Under our holding in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, the effect of such a decree was a ruling only on the demurrers to the bill as a whole. Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751; Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347; Marshall County Gas District v. City of Albertville, 263 Ala. 601, 83 So.2d 299; Wilson v. Crocker, 267 Ala. 26, 99 So.2d 190.

The only grounds of the demurrers addressed to the bill as a whole which appellants argue were well taken are those which took the point that it appears that all parties having an interest in the title of the property are not joined.

■ The bill does not show an absence of any interested person, but appellants contend that under our holding in Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29, the bill should have contained an averment to the effect that complainants and respondents constituted all of the interested parties. The opinion in Brantley v. Brantley, supra, was explained in our response to

application for rehearing in Trammell v. Glen Falls Indemnity Co., 259 Ala. 430, 437, 66 So.2d 537, 543, where we said: "We think the proper meaning of the opinion in the Brantley case is that upon a proper showing the court must require an interested person to be made a party, *and if the absence of such a party is shown by the bill* it is subject to demurrer assigning that ground." (Emphasis supplied.) Since the absence of an interested person was not shown by the bill, the argued grounds of demurrer addressed to the bill as a whole were not well taken. It follows that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.