142 So.2d 877

**Harold DENSON**

v.

**Wilson H. FOOTE, d/b/a Foote Auto Company.**

**8 Div. 62.**

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

T. J. Carnes, Albertville, and Barnes & Smith, Gadsden, for appellant.

Mitchell, Poellnitz & Cox, Florence, for appellee.

COLEMAN, Justice.

This is an appeal by complainant from a decree in equity, sustaining respondent's demurrer to complainant's bill of complaint as last amended and dismissing it. The bill prays for declaratory decree. Complainant argues that the court erred in sustaining the demurrer and in dismissing the bill.

We quote from complainant's brief:

"The material averments of the bill of complaint as last amended are that on June 10, 1957 (we interpolate: amended to read June 10, 1958), complainant was the owner of a 1953 Cadillac and traded the same to one Jimmy D. Morris for a 1957 Dodge and paid the said Morris the sum of $1,200.00 cash difference. The trade was made on the representation of Morris that he had good title to the Dodge but as it turned out Commercial Credit Corporation claimed to be the owner of the Dodge under a conditional sales contract. This company filed suit against complainant in the circuit court of Etowah County for the automobile and on December 11, 1958, recovered a judgment for the same. Complainant, pursuant to said judgment, surrendered the car to it.

"Following his trade with complainant, Morris on July 2, 1958, traded the 1953 Cadillac to the respondent for three other automobiles. Also, in the trade Morris gave the respondent a check for $1,100.00. This check 'bounced' and respondent promptly repossessed the three automobiles traded to Morris.

"Sometime prior to August 22, 1958, respondent sold the Cadillac to a party

unknown to complainant. It is averred in the bill that such transaction was for the reasonable value of the Cadillac which was $1,400.00 at the time it came into the possession of respondent.

"The bill then avers that the respondent has been made whole in regard to his said transaction with Morris and that the complainant has not been made whole but on the contrary has been defrauded out of his 1953 Cadillac. The bill does not aver any participation of respondent in this fraud but avers that as a result thereof respondent has been unjustly enriched in that he has the Cadillac and the three cars for which the Cadillac had been traded to him.

"The bill alleges a justiciable controversy between the complainant and the respondent as to the said transactions and prays that the court will enter a decree stating the complainant has the right to the immediate possession of the 1953 Cadillac or the reasonable market value thereof plus value for the hire or use thereof from July 2, 1958, and for other relief."

Respondent's brief contains the following statement:

"* * * The grounds of demurrer assigned to the bill and to various aspects thereof, inter alia, take the points that there is no equity in the bill, that complaint (sic: complainant) has an adequate remedy at law, that there is no justiciable controversy, that Complainant has no legal or equitable interest in the automobile, that there is no privity between Complainant and Respondent, That Jimmy D. Morris, the party to whom Appellant sold the 1953 Cadillac is not a party respondent and that the Appellee's alleged unjust enrichment is a mere conclusion."

Being of opinion that the bill was demurrable for non-joinder of a necessary party, Jimmy D. Morris, we pretermit consideration of the other grounds of demurrer.

So far as we are advised, this case, as one for declaratory relief, is sui generis. Complainant seeks here to enforce his claim by a proceeding which in some measure is analogous to equitable attachment or garnishment. We are not to be understood as intimating that the instant case constitutes a proceeding for equitable attachment or garnishment. We refer to those proceedings merely for guidance in determining whether or not Morris is a necessary party to the instant suit.

§ 301, Title 7, provides that writs of equitable attachment may issue as there specified; and "* * * in the issue of equitable attachments, and the proceedings thereon, the provisions in relation to attachments from courts of law must be observed, except so far as may be otherwise provided in this chapter * * *."

In connection with the issue of attachments at law, § 852, Title 7, provides for constructive service by publication on a nonresident, and § 853 of the same title provides for notice to a resident defendant.

Perhaps the instant bill seeks a remedy which is more like garnishment than attachment, although complainant seeks to reach a particular chattel, or its value, instead of money. § 314, Title 7, provides, inter alia, that in equity, in all suits in which a decree for payment of money may be rendered, "* * * a writ of garnishment may be issued by the register, under the rules and regulations prevailing in circuit courts in actions at law."

General garnishment statutes are found in Title 7, § 995 et seq., Code 1940. § 1000 provides for notice to a resident defendant. § 1011 provides that upon filing of garnishee's answer, "* * * the clerk or register shall give plaintiff and defendant notice * * *."

■ It may fairly be said, we think, that our garnishment statutes contemplate that in a proceeding to apply the property of a defendant which is in the hands of a garnishee, to the satisfaction of plaintiff's claim

against defendant, the defendant shall, at the least, have actual or constructive notice: either in the suit against defendant, which resulted in the judgment, when garnishment is sought on a judgment; or in the pending suit when garnishment is sought in aid of such suit.

On consideration of the nature of garnishment, we think it necessarily appears that when defendant's property is in the hands of a garnishee, and plaintiff seeks to subject such property to satisfaction of plaintiff's claim against defendant, then the defendant is entitled, at some stage of the proceeding, to be made a party thereto and have his day in court.

In the instant suit, complainant seeks to subject to the satisfaction of his claim against Morris, the Cadillac car, or its value, which is alleged to be in respondent's possession. Complainant's claim to the Cadillac necessarily rests on the premise that Morris now has a right to the Cadillac because respondent rescinded his trade with Morris. Complainant's asserted right to recover the Cadillac from Morris rests on the premise that Morris has committed fraud against the complainant. If the validity of these assertions of complainant against Morris are to be adjudicated in this suit; and we do not see how such an adjudication can be avoided if complainant is to have relief; then we are of opinion that Morris has such an interest in the controversy as that he is a necessary party, that because of the failure to make Morris a party the bill was subject to demurrer, and that the decree sustaining it was not in error.

We have not found or been cited to a case closely in point. In a Texas case, plaintiff sought, by garnishment, to obtain satisfaction of a judgment which plaintiff had recovered against a defendant, Wells. Plaintiff argued that the court should have granted him relief on equitable grounds. It appears that the garnishment had been commenced at law. The court declined to decide whether a garnishment proceeding

could be changed from law to equity or whether equity could afford the relief plaintiff was seeking. With respect to plaintiff's argument for relief on equitable grounds, the court said:

"* * * Whether there be any equitable remedy by which a fund of this character may be reached may be doubted; but we are of opinion that if any such exists it was not proper to apply it in this proceeding. This was a contest between the plaintiff in garnishment, the garnishee, and an intervenor, and we think that the plaintiff could not, by amendment, change the proceeding from a legal, to an equitable action, without making the defendant Wells a party. * * *" Curtis v. Ford, 78 Tex. 262, 14 S.W. 614, 10 L. R.A. 529, 532.

In 71 A.L.R.2d 779, comment on Scranton Finance Co. v. Personal Finance Company, (1939, Pa.), 41 Lack.Jur. 133, indicates that in a proceeding for declaratory judgment as to priority of two adverse liens on an automobile, the court held that the owner of the automobile and the secretary of revenue were necessary parties. The comment indicates that the court also held that the parties had an adequate remedy at law under a statute, but we are not concerned with this latter holding.

Complainant cites Vandeford v. Stovall, 117 Ala. 344, 23 So. 30, as authority for holding that Morris is not a necessary party to the instant bill. In the Vandeford case, the amended bill was against a single respondent to enforce a trust in land which had been conveyed to the respondent. Complainant alleged that he had paid the purchase money; that title had been conveyed to respondent, although she had paid none of the purchase money; and that the land, in equity and good conscience, belonged to complainant. From a decree granting relief, respondent's grantors, who had originally been parties to the bill, undertook to appeal. This court held that respondent's grantors had no interest in the suit and were

not necessary or even proper parties to the original bill.

The respondent's grantors in the Vandeford case were not grantees of the complainant in that case, and, in that respect, stood in a position different from that of Jimmy D. Morris, who was a grantee or transferee of the complainant in the instant case.

The instant case' more closely resembles Leigeber v. Scott, 263 Ala. 507, 83 So.2d 246, 247, wherein complainant conveyed to one King, who in turn conveyed to certain respondents. This court held that King was a necessary party to the suit to cancel King's deeds to his grantees. The court said: " * * * King's conveyances to his grantees were warranty deeds and he likewise should be made a party to a bill to cancel them. * * *" The analogy is not perfect, but tends to persuade us that Morris is a necessary party.

In Trammell v. Glens Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537, this court, on rehearing, with reference to the rule as to necessary parties, commented on Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29, where declaratory judgment had been sought, as follows:

" * * * We think the proper meaning of the opinion in the Brantley case is that upon a proper showing the court must require an interested person to be made a party, and if the absence of such a party is shown by the bill it is subject to demurrer assigning that ground." (259 Ala. 430, 437, 66 So.2d 537, 543.)

In the instant case, the absence of Morris was shown by the bill. Sustaining the demurrer was not error.

■ The court not only sustained the demurrer, but also dismissed the bill. Complainant asserts that dismissal was error because he was not afforded an opportunity to amend after the demurrer was sustained.

The record discloses that the bill of complaint was filed January 22, 1959. Demurrer was filed February 13, 1959. An amended demurrer was filed February 11, 1960. The demurrer was overruled May 7, 1960. Defendant filed an answer which is immaterial here.

On December 19, 1960, complainant filed an amendment to the bill changing the averment of the date on which complainant traded with Morris. It appears from a decree rendered December 22, 1960, that this amendment was filed in open court on the occasion of an oral hearing, and that on complainant's filing of the amendment to the bill, respondent refiled his demurrer to the bill "and also called to the attention of the Court the absence of the necessary party respondent."

The decree of December 22, 1960, sustained the demurrer to the amended bill and recites that after the conclusion of the hearing, the complainant filed further amendment to the bill, and that, to the bill as further amended, respondent refiled the demurrer. The decree further recites that it appears that the cause is ready for submission on demurrer to the bill as last amended.

The record contains next a notice to complainant's solicitor that on January 3, 1961, respondent will submit the cause for ruling on demurrer to the bill as last amended. Appended to the notice is a certificate by solicitor for respondent that he has "this day" properly mailed a copy of the notice to the attorney of record for complainant. The notice was filed December 22, 1960. On the record, we think that complainant is chargeable with notice of the contents of the decree and of the notice of submission filed on the date of the decree. Complainant makes no contention to the contrary.

The last amendment filed by complainant after conclusion of the hearing on December 22, 1960, makes no change in the character of the bill. The amendment simply adds averments to the effect that respondent has retained possession of the Cadillac since July 2, 1958, to the date of the amendment,

and that complainant claims of respondent the value of the hire or use of the Cadillac from July 2, 1958.

The decree of January 18, 1961, from which appeal is taken, recites that the cause was submitted on demurrer to the bill as last amended; that on consideration of bill and demurrer, the court is of opinion that the demurrer should be sustained and the bill dismissed; and that the demurrer is sustained and the bill is dismissed.

With respect to the dismissal of a bill after demurrer to it is sustained, this court has said:

"* * * The rule in that connection is that a bill should not be dismissed on sustaining the demurrer to it without giving the complainant an opportunity to amend, unless either the decree was rendered at a sitting of court when the parties are presumed to be present and it does not appear that complainant asked for the privilege of amending, or unless there appears upon the allegations of the complaint that it could not be reasonably thought subject to amendment that would give it equity. (Citations Omitted)" Mitchell v. Conway, 257 Ala. 648, 654, 60 So.2d 676, 680.

In the instant case, the decree of December 22, 1960, sustaining the demurrer, recites:

"The parties in person and by their Solicitors appeared for oral hearing and final submission. The complainant in open Court thereupon filed Amendment One to the bill of complaint and the respondent thereupon in open court refiled thereto all demurrers heretofore filed to the original filed to the original (sic) complaint and also called to the attention of the Court the absence of the necessary party respondent."

The bill was not dismissed until January 18, 1961, twenty-seven days after the first decree sustaining the demurrer, and also twenty-seven days after notice of further submission on demurrer. The decree does not expressly recite that demurrer was sustained for non-joinder of a necessary party, but it certainly calls such defect to the attention of anyone reading the decree.

"* * * The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. (Citations Omitted)" Rollan v. Posey, 271 Ala. 640, 645, 126 So.2d 464, 468.

In the instant case, complainant was chargeable with notice that a necessary party had not been joined. He subsequently filed an amendment, but he did not cure this defect and he does not indicate that he undertook to cure it. He asserts in brief that Morris is not a necessary party.

Since complainant must be regarded as having been apprised of the defect as to parties, and as having thereafter amended the bill without seeking to cure such defect, we are of opinion that he must be regarded as having had opportunity to amend and as having elected not to do so.

In a case where the bill was held subject to the objection of misjoinder of parties complainant, and complainants had an opportunity to correct the objection, but did not do so after the demurrer had been sustained on that ground, this court said:

"The bill was subsequently amended without correcting this defect, and if the bill was otherwise sufficient, appellants are in no position to complain that they were not permitted to further amend their bill. Ezzell v. First National Bank of Russellville, 218 Ala. 462, 119 So. 2." Hall v. Whitfield, 236 Ala. 659, 662, 184 So. 689.

So in the instant case, complainant is not in position to complain that he was not permitted to further amend his bill.

We are of opinion that the court was not in error in dismissing the bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

ON REHEARING.

COLEMAN, Justice.

This cause was placed on rehearing on motion of the writer for the purpose of considering a misapprehension that might arise from reading the original opinion.

The opinion may give the impression that the demurrer, to the bill as a whole, contains a ground which takes the point that a necessary party is absent. Such is not the case, although the amended demurrer addressed to one alleged aspect of the bill does contain the ground that: "(23) Jimmy D. Morris is not a party respondent to this bill of complaint."

We do not regard the absence of a ground of demurrer, taking the point of non-joinder of a necessary party, as preventing the court from taking notice of such non-joinder and sustaining the demurrer on that ground.

While this court has said that:

"Again: no bill should be dismissed for want of proper parties complainant, unless the objection is taken in the court below; and on suggestion of the names of the parties that are improperly omitted, if, after this, the complainant refuses to join them by an amendment of his bill, the court may dismiss it without prejudice, but not absolutely." Andrews v. Hobson's Adm'r, 23 Ala. 219, 232, 233; see also: Drath v. Armstrong, 224 Ala. 661, 141 So. 634;

the court has also said:

"It is not indispensable to the action of the court that the want of parties should be presented by a demurrer; it is allowable for the chancellor to notice it *mere motu*, even at the hearing, and order the bill to stand over on leave to amend or to dismiss it without prejudice." Goodman, Ex'r v. Benham, adm'r, 16 Ala. 625, 631; see also: Poyner v. Whiddon, 234 Ala. 168, 174 So. 507.

Whatever of apparent conflict there is in the foregoing quotations was explained as follows:

"The general rule is, that if a bill is defective for the want of proper parties, advantage should be taken of the defect, by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception, that if the cause can not be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court *ex mero motu*. * * *" Prout v. Hoge, 57 Ala. 28, 32.

In the instant case, as is noted in the opinion on original deliverance, the trial court, in its decree of December 22, 1960, expressly stated that the respondent had " * * * called to the attention of the Court the absence of the necessary party respondent." In that situation, we are of opinion that the court was not in error in sustaining the demurrer for lack of a necessary party, although no ground of demurrer to the bill as a whole expressly took that point.

Opinion extended.

Rehearing overruled.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.